GLADYS E. MacBEY *vs.* HARTFORD ACCIDENT AND INDEMNITY COMPANY & another.

Suffolk.   February 5, 1935. — September 13, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Insurance,* Motor vehicle liability.   *Words,* "Others."

A policy of compulsory motor vehicle liability insurance issued in conformity to G. L. (Ter. Ed.) c. 90, § 34A, did not cover bodily injuries suffered by the assured himself through the operation of the insured vehicle by another with his consent.

BILL IN EQUITY, filed in the Superior Court on June 29, 1934.

The suit was heard by *Greenhalge, J.*

*J. J. Mulcahy,* (*M. K. Campbell* with him,) for the defendant Hartford Accident and Indemnity Company.

*A. L. Doggett,* for the plaintiff.

RUGG, C.J.   The plaintiff seeks by this suit in equity to reach and apply the proceeds of a motor vehicle liability insurance policy as defined by G. L. (Ter. Ed.) c. 90, § 34A, to the satisfaction of a judgment obtained by her against the defendant Smith.   G. L. (Ter. Ed.) c. 175, §§ 112, 113; c. 214, § 3 (10).   The material facts are not in dispute and

are these: The plaintiff was the owner of the motor vehicle covered by the policy of insurance. It was registered in her name and was being operated on a highway in this Commonwealth with the consent of the plaintiff, as owner, by the defendant Smith who, without the knowledge of the plaintiff, was operating without a license. The plaintiff, who was riding in the motor vehicle, brought an action of tort against Smith alleging that she received personal injuries by reason of his gross negligence in operating the motor vehicle. Smith failed to appear and answer in that action and was defaulted but there was no evidence of fraud or collusion between the plaintiff and Smith. The defendant insurer was duly notified of that action and did not appear and defend it. Damages were assessed in the sum of $6,500 for personal injuries suffered by the plaintiff. Judgment was entered accordingly for the plaintiff and execution issued which has not been satisfied in whole or in part. A decree was entered in favor of the plaintiff. The appeal of the defendant insurer brings the case here.

At the trial of the present suit the defendants offered evidence concerning the circumstances of the accident tending to show that there was no gross negligence on the part of the defendant Smith. This evidence was rightly excluded. That question was foreclosed by the judgment in that action. *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445, 448, 449, and cases collected.

The circumstance that Smith had no license to operate is no bar to the present suit. *Blair* v. *Travelers Ins. Co.* 288 Mass. 285, 290, and cases collected. *Lorando* v. *Gethro*, 228 Mass. 181. *Warecki* v. *United States Fidelity & Guaranty Co.* 270 Mass. 233, 237.

The main question is whether the named assured in a compulsory motor vehicle liability insurance policy may have recourse to the policy for satisfaction of a judgment recovered by such assured for personal injuries sustained while riding in the motor vehicle through the gross negligence of one operating the motor vehicle with the express consent of the assured. The policy of insurance was not

introduced in evidence. It must be presumed that it conformed to the mandates of G. L. (Ter. Ed.) c. 90, § 34A. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535. The relevant portion of that section requires that the policy provide "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . ."

The rule for the interpretation of a statute is that the intent of the legislative body enacting it must be gathered from its several parts and all its words construed according to the common and approved usage of the language, considered in connection with the cause of its enactment, the preëxisting law, the mischief to be remedied and the object to be accomplished, to the end that it be given effect in harmony with the general welfare. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 374. *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 426. *Dexter* v. *Dexter*, 283 Mass. 327, 330. In the present statute, the word "others" describing persons to whom damages are to be paid, following the words "insured" and "any person" joined as describing those to be protected by the policy, plainly shows that inclusion of the named assured within the class of beneficiaries was not within the legislative intent. As matter of construction, the beneficiaries under the policy are denominated "others" as contrasted with "the insured" and "any person responsible for the operation of the insured's motor vehicle" who may cause the damage. The language of the statute is free from ambiguity. *Rezendes* v. *Prudential Ins. Co. of America*, 285 Mass. 505, 511. The design of the statute supports this interpretation. That design was to provide a degree of certainty of compensation to those who, rightfully and carefully using the ways, are injured by the carelessness of operators of motor vehicles. *Opinion of the Justices*, 251 Mass. 569, 596. *Rose* v. *Franklin Surety Co.* 281 Mass. 538. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 535, 536. *Caccavo* v. *Kearney*, 286 Mass. 480, 484. To effectu-

ate this purpose the owner of a motor vehicle, who alone may properly register it (G. L. [Ter. Ed.] c. 90, § 2), must present as a condition precedent to registration (G. L. [Ter. Ed.] c. 90, § 1A) a certificate of the performance of any one of three requisites, (1) the issuance to the applicant of a motor vehicle liability policy of insurance in conformity to law, or (2) the execution by the applicant of a motor vehicle liability bond with surety in conformity to law, or (3) the deposit with the department of public works of cash or securities in the amount of $5,000 as required by law. G. L. (Ter. Ed.) c. 90, §§ 34A–34J, inclusive. These provisions respecting a bond or a deposit indicate clearly that the obligation of giving assurance of compensation for injuries due to the operation of the motor vehicle is imposed on the owner for the benefit of "others" and not for his own benefit. The inference is not permissible that the General Court intended to discriminate in favor of those owners of motor vehicles who take out a policy of insurance by granting them broader or greater privileges than are accorded such owners who give a bond or deposit cash or securities. All owners in this particular manifestly, are intended to be on the same footing. The conclusion seems to us to follow that the general aim of the statute respecting compulsory security for personal injuries caused by the negligent operation of motor vehicles on public ways does not apply to a case like the present and that this is in harmony with the natural import of the words employed to express the legislative intent. The owner of a motor vehicle is placed in a different position from other members of the public in this particular. The case at bar is clearly distinguishable from *Bachman* v. *Independence Indemnity Co.* 214 Cal. 529, in the crucial words involved. The rule applied in that case to the effect that ambiguities in a policy of insurance must be resolved against the insurer is inapplicable to provisions prescribed by statute. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 235.

The decree in favor of the plaintiff could not rightly have

been entered. The evidence is reported in full. There is no controversy as to the essential facts. The decree is reversed and a decree is to be entered dismissing the bill against the insurer.

*Ordered accordingly.*