MARGARET OLIVERIA, administratrix, *vs.* PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK & another.

Bristol.   October 26, 1942. — November 30, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Insurance,* Motor vehicle liability insurance.

A policy of motor vehicle liability insurance which, under the heading "Coverage A . . . Statutory," provided indemnity "in accordance with" the compulsory motor vehicle liability insurance law against loss "by reason of the liability imposed upon" the insured for bodily injury or death "sustained by any person," covered no more than did a policy of the character defined in G. L. (Ter. Ed.) c. 90, § 34A, and did not cover a judgment for the death of the insured caused by negligent operation of his motor vehicle by one responsible for its operation with his consent.

BILL IN EQUITY, filed in the Superior Court on September 3, 1940.

The plaintiff appealed from a final decree dismissing the bill, entered by order of *Baker,* J.

*H. W. Radovsky,* for the plaintiff.

*F. E. Smith,* (*W. J. Fenton* with him,) for the defendant insurance company.

QUA, J.   This is a bill in equity brought under G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10), to reach and apply the obligation of the defendant insurance company on a liability policy to pay a judgment recovered by the plaintiff for the death of her husband, Manuel Oliveria, against the defendant Louis Oliveria, who is the son of herself and Manuel.  See *Oliveria* v. *Oliveria,* 305 Mass. 297.

Manuel, the deceased, owned a motor vehicle.  He was the "named assured" in a policy covering that vehicle, wherein the defendant insurance company agreed to pay in behalf of the assured "in accordance with the 'Massachusetts Compulsory Automobile Liability Security Act'" all sums which the assured should become obligated to pay by reason of the liability imposed upon him by law for

damages for bodily injury, including death, sustained "by any person or persons" through the operation of his motor vehicle on the ways of this Commonwealth. The section of the policy which contained this provision was headed, "I. Coverage A. Bodily Injury Liability — Statutory (Upon the ways of the Commonwealth of Massachusetts)." The policy further provided that the word "Assured" should include not only the "named Assured" but also any other person responsible for the operation of the motor vehicle with the express or implied consent of the "named Assured." On September 2, 1935, while the policy was in force, the defendant Louis Oliveria operated the motor vehicle on a highway in this Commonwealth with the consent of Manuel, the named assured, and operated it so negligently that he caused the death of Manuel.

The trial judge rightly dismissed the bill.

In *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, we held after careful consideration that a motor vehicle liability policy as defined in G. L. (Ter. Ed.) c. 90, § 34A, did not cover liability for bodily injuries suffered by the named assured himself through the operation of the vehicle by another with the named assured's consent. We there pointed out that this statute disclosed an intent to draw a sharp line of distinction between the assured himself on the one hand and "others" to whom damages are to be paid on the other hand. The assured himself does not belong to the class of the "others" against whose claims the company has agreed to provide protection. See *Rose* v. *Franklin Surety Co.* 281 Mass. 538; *Cain* v. *American Policyholders' Ins. Co.* 120 Conn. 645. Compare *Adams* v. *American Employers Ins. Co.* 292 Mass. 260. It becomes necessary for the plaintiff to distinguish the present case from the *MacBey* case. This she attempts to do on two grounds, which we will consider in turn.

First, the plaintiff contends that the policy in this case affords a coverage broader than is required by the statute and broader than was afforded by the strictly statutory policy dealt with in the *MacBey* case. The basis of this contention is that the policy, instead of following precisely

the wording of the statute and covering the assured against loss "by reason of the liability to pay damages to others" for bodily injuries or death "sustained . . . by any person," omits the words "to others" and covers the assured against loss "by reason of the liability imposed upon him by law for damages" because of bodily injury or death "sustained by any person or persons." It is argued that the omission of the words "to others" takes this policy out of the rule established in the *MacBey* case and leaves the insurer bound to indemnify a person operating with the consent of the named assured against all liability, including that to the named assured himself or to his personal representatives. We cannot take this view. The trial judge found that the policy was "in the form approved by the commissioner of insurance for the so called compulsory [i.e. statutory] coverage." See G. L. (Ter. Ed.) c. 175, § 113A. The sentence that defines the coverage — the same sentence that omits, the words "to others" — is a promise to pay "in accordance with the 'Massachusetts Compulsory Automobile Liability Security Act.'" This implants by reference the terms of the statute into the policy and makes the policy the one defined by the statute. The heading of this section of the policy is some further indication of an intent to furnish only the statutory coverage. The form of the section in general is adapted to protect the named assured or a person responsible for the operation of the vehicle with his consent against liability incurred to others rather than to guarantee payment of claims due to the named assured himself or his representatives. The difference between the wording of the policy and that of the statute does not take this case out of the authority of the *MacBey* case. There is nothing to the contrary in *Cormier* v. *Hudson*, 284 Mass. 231, 236.

The plaintiff's second contention is that liability for death of the named assured as distinguished from liability merely for bodily injury is a liability to others than the assured himself and therefore not within the authority of the *MacBey* case. In this connection the plaintiff calls attention to the familiar principle that the cause of action for

death is not derived from the decedent but arises only in favor of other persons after his death. *Oliveria* v. *Oliveria,* 305 Mass. 297, 301. But we think it clear that the liability for death intended to be covered by a motor vehicle liability policy as defined in G. L. (Ter. Ed.) c. 90, § 34A, includes only liability for deaths of the same persons liability for whose bodily injuries is also covered. The words of the statute describing the liability covered are, "the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom . . . ." As has often been stated the broad purpose of the compulsory insurance act was to protect the travelling public. *Service Mutual Liability Ins. Co.* v. *Aronofsky,* 308 Mass. 249, 252. It was not its purpose to compel the automobile owner to provide accident insurance upon his own life for the benefit of his own family. See G. L. (Ter. Ed.) c. 175, § 108. The argument in *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 106–109, and the rule there established apply to judgments for death with the same force as they apply to judgments for personal injury.

*Decree affirmed with costs.*