ERNEST R. BEATTIE *vs.* AMERICAN AUTOMOBILE INSURANCE COMPANY & another.[1]

Suffolk.    January 6, 1959. — February 6, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Insurance,* Motor vehicle liability insurance.

An employee of a corporation acting within the scope of his employment in operating a motor truck leased to it and "regularly used exclusively on . . . [its] business" was an unnamed insured under policies of motor vehicle liability insurance issued to the corporation and to the lessor with respect to both the compulsory coverage in the policies defining the "insured" as including "any person responsible for the operation of the insured's motor vehicle with his express or implied consent" as required by G. L. c. 90, § 34A, as amended, and the noncompulsory coverage in the policies containing substantially the same definition. [529]

In a suit in equity by a judgment creditor holding a judgment for personal injuries and property damage covered by both of two policies of motor vehicle liability insurance issued by different insurers, to reach and apply the obligations of both insurers to the satisfaction of the judgment, nothing in the record, including the subsidiary findings reported by the trial judge, supported his ultimate finding that the coverage provided by one of the policies was "excess coverage over and above" the coverage provided by the other policy, or disclosed any applicable contractual limitation of coverage in the first policy, so that a clause common to both policies, providing that if the insured had "other insurance" against a loss the insurer should not be liable for a greater proportion of such loss than the applicable limit of liability of its policy bore "to the total applicable limit of liability of all valid and collectible insurance against such loss," was controlling. [529-530]

BILL IN EQUITY, filed in the Superior Court on March 9, 1953.

The suit was heard by *Forte,* J.

*Andrew B. Goodspeed,* for the defendant United States Casualty Company.

No argument or brief for the plaintiff or for the defendant American Automobile Insurance Company.

---

[1] United States Casualty Company.

CUTTER, J.   This is a bill to reach and apply the obligations of the defendants as insurers to satisfy the unpaid half of an execution held by the plaintiff in the total sum of $3,753.12 on a judgment of $2,972.47 for personal injuries and of $780.65 for property damage.   A final decree dismissed the bill as against the defendant American Automobile Insurance Company (hereinafter called American) and ordered the defendant United States Casualty Company (hereinafter called Casualty) to pay to the plaintiff $1,876.56 with interest and costs.   Casualty appealed.   The facts are stated on the basis of the trial judge's report of material facts.   The evidence is not reported.

The plaintiff recovered judgment against one Marnoy for personal injuries and property damage caused by Marnoy's negligence on a public way in Massachusetts.   Marnoy, at the time of the accident employed by Morton's Inc., was acting within the scope of his employment in operating a truck owned by Bern's Auto & Truck Renting Co., Inc. (hereinafter called Renting).   Throughout the period during which the accident occurred this truck was leased by Renting to "and regularly used exclusively on the business of Morton's Inc."

At all pertinent times Casualty had in full effect a policy issued to Renting, providing (a) statutory (compulsory) coverage A;   (b) increased bodily injury limits of $25,000 for each person and $50,000 for each accident as coverage B; and (c) property damage liability coverage C of $5,000 for each accident.   In addition to statutory provisions Casualty's policy provided:   [X] "With respect to the insurance under coverages B and C the . . . word 'insured' includes the named insured and . . . any other person responsible for the operation of the . . . vehicle with the . . . consent of the named insured. . . . [Y] This policy does not apply: (d) under coverages B, C and D, to liability assumed by the insured under any contract or agreement. . . . [Z] 9. Other insurance.   Under coverages A, B and C if the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater propor-

tion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

American had in full effect a policy issued to Morton's Inc. providing (a) statutory coverage; (b) increased bodily injury liability limits of $100,000 for each person and $300,000 for each accident as coverage B; and (c) property damage liability coverage C•of $50,000 for each accident. "The truck involved in the accident was not a . . . vehicle described . . . except under the classification of commercial automobiles hired." In addition to statutory provisions American's policy contained substantially (a) the definition of "insured" under coverages B and C contained in Casualty's policy and quoted above as passage [X], and (b) the provision contained in Casualty's policy with respect to "other insurance," quoted above as passage [Z]. It did not contain the words (with respect to liability assumed by the insured by contract) quoted above as passage [Y] but did contain as a proviso to the "other insurance" clause, quoted as passage [Z], the words set out in the margin.[2] American's policy also contained a special indorsement entitled "hired automobiles"[3] set out in the margin.

[2] The proviso reads: "provided, however, the insurance with respect to temporary substitute motor vehicles under insuring agreement IV or other motor vehicles under insuring agreement V shall be excess insurance over any other valid and collectible insurance available to the insured, either to said motor vehicles or otherwise." The two insuring agreements (IV and V referred to in the proviso) read in part: "Insuring Agreement IV (3) Temporary substitute motor vehicle under coverage B, C and D, a motor vehicle not owned by the named insured while temporarily used as the substitute for the described motor vehicle while withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction. . . . Insuring Agreement V Use of Other Motor Vehicles. Coverages B, C and D. If the named insured is an individual who owns the motor vehicle classified as 'pleasure and business' or husband and wife either or both of whom own said motor vehicle, such insurance as is afforded by this policy under coverages B, C and D with respect to any other motor vehicle, subject to the following provisions" (not applicable).

[3] "It is agreed that such insurance as is afforded by the policy for bodily injury liability, for property damage liability and for medical payments applies with respect to hired automobiles, subject to the following provisions: 1. Definitions. The words 'hired automobile' shall mean a land motor vehicle, trailer or semitrailer used under contract in behalf of, or loaned to, the named insured provided such automobile is not owned by or registered in the name of (a) the named insured or (b) and [*sic*] executive officer or partner thereof or . . . ."

Under a truck rental contract between Renting and Morton's Inc. in force at the time of the accident Renting agreed "to carry insurance for public liability, property damage, fire and theft . . . and . . . to assume all liability and save the lessee harmless from claims, liability . . . and cost resulting from accidents . . . other than for wilful collision and other malicious action . . . of the lessee, his agents or servants."

Casualty voluntarily paid one half of the plaintiff's judgment. Casualty and American each refused the plaintiff's demand for payment of the remaining $1,876.56. The trial judge found that "the coverage provided by . . . American . . . is excess coverage over and above, and not concurrent with, the coverage of . . . Casualty . . . and that the latter is solely responsible to the plaintiff for the unpaid balance of his judgment."

1. Marnoy was an unnamed insured under American's policy and also under Casualty's policy with respect to coverages A, B, and C. He was operating the truck "with the express or implied consent" of his employer, Morton's Inc., and of Renting[4] which had leased the truck for use by Morton's Inc. and its employees. With respect to coverages B and C he came within the definition of "insured" under passage [X] already quoted and with respect to statutory compulsory coverage A he was within the definition of "any person responsible for the operation of the insured's motor vehicle with his express or implied consent." See G. L. c. 90, § 34A (as amended through St. 1949, c. 571, § 1); *Crompton* v. *Lumbermens Mut. Cas. Co.* 333 Mass. 160.

2. The trial judge's conclusion that "the coverage . . . of . . . American . . . is excess coverage over and above . . . the coverage of . . . Casualty" is unexplained by him, and we have not had any brief or argument in behalf of American. The relatively few provisions of the two

---

[4] American's "hired automobile" indorsement (see footnote 3, *supra*) plainly made him an unnamed insured with respect to Renting's truck as well as with respect to automobiles owned by Morton's Inc.

policies appearing in the record nowhere purport to make any coverage of either policy "excess" coverage, except the proviso of the "other insurance" clause of American's policy. This proviso refers only to insurance under insuring agreements IV and V (see footnote 2, *supra*). Neither such agreement seems to have application here, insuring agreement IV because it relates only to "substitute" vehicles "temporarily used" and insuring agreement V because it refers only to insured individual or family vehicles classified "pleasure and business." On this record, therefore, there is no applicable contractual provision of either policy making any relevant coverage under one policy "excess" to any coverage under the other. Cf. clauses quoted in *O'Brien* v. *Ready*, 331 Mass. 204, 209, footnote 1. The record also shows no applicable contractual limitation of coverage A, B, or C in American's policy. In the absence of any such contractual provisions, this case is governed by the principles discussed in *Kenner* v. *Century Indem. Co.* 320 Mass. 6, 14–15 (par. 7), where both policies contained an "other insurance" clause substantially identical to those in the two policies here considered. The plaintiff there seeking to reach and apply the proceeds of the two policies was allowed to recover against each of the insurers one half of the judgment, interest, and costs under the only coverage (A) upon which both insurers were liable.[5] See *Celina Mut. Cas. Co.* v. *Citizens Cas. Co.* 194 Md. 236, 241–245. The trial judge's subsidiary findings about the two policies do not support the ultimate finding that the coverage under American's policy was "excess coverage." The ultimate finding cannot stand.

3. Morton's Inc. and Renting are not parties. There is no occasion to consider in this proceeding the effect of the lease provision, mentioned above, by which Renting agreed to carry certain insurance and to save Morton's Inc. harm-

---

[5] For discussion of the problem of adjusting liability under conflicting or overlapping coverages, see Notes, 38 Minn. L. Rev. 838–856; 21 A. L. R. 2d 611; 31 A. L. R. 2d 1324; 46 A. L. R. 2d 1163. See also *Cosmopolitan Mut. Ins. Co.* v. *Continental Cas. Co.* 28 N. J. 554, 559–564.

less against certain liabilities. Since Casualty makes no contention that American is bound to pay more than half the total liability to the plaintiff by reason of the judgment, there is also no occasion to consider whether, because the coverage limits other than under coverage A in American's policy were higher than in Casualty's policy, the apportionment of liability should be any more favorable to Casualty.

4. The decree is to be reversed as against both defendants. A new decree is to be entered (a) adjudging that there is owing from American to the plaintiff the sum of $1,876.56 with interest from the date of judgment, January 20, 1953, and costs, and (b) dismissing the bill against Casualty, which is to have costs of this appeal, to be paid by American.

*So ordered.*