TRANSAMERICA INSURANCE COMPANY & another [1] *vs.*
NORFOLK AND DEDHAM MUTUAL FIRE INSURANCE
COMPANY & another.[2]

Suffolk. November 5, 1971. — February 10, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, & BRAUCHER, JJ.

*Insurance,* Motor vehicle liability insurance. *Notice. Words,* "By any person."

A policy of motor vehicle liability insurance which provided noncompulsory coverage for bodily injury "sustained by any person and arising out of the ownership, maintenance or use of the motor vehicle" covered bodily injury sustained by the owner of the insured motor vehicle and caused by negligent operation thereof by one operating it with his consent while he was a passenger therein. [146–148]

Where a motor vehicle was being operated by one not its owner when it was involved in an accident, noncompulsory motor vehicle liability insurance on the vehicle was primary, while similar insurance of the operator was excess as between the two insurers, whose policies contained identical "other insurance" clauses. [148–149]

There was proper notice under a provision of a motor vehicle liability insurance policy requiring that notice of an accident be given "by or for the insured as soon as practicable," where the insurer received an accident report from the named insured's agent about ten days following the accident, although there was no notice "by or for" an unnamed insured who was operating the insured vehicle at the time of the accident and against whom judgment was recovered by one injured in the accident. [145–146, 149]

Where a summons in an action by one injured in a motor vehicle accident was served upon the operator of a motor vehicle involved in the accident, an unnamed insured under the motor vehicle liability insurance policy covering that vehicle, and was mailed by the insurer under a similar policy of the operator to the insurer of the

---

[1] R. Thomas Peirce, Jr.

[2] Robert E. Wheatley.

361 Mass. 144                                                     145

Transamerica Ins. Co. v. Norfolk & Dedham Mutual Fire Ins. Co.

involved vehicle, a requirement in the policy covering the involved vehicle, that the insured forward to the insurer every summons received by him, was satisfied.   [145–146, 149–150]

BILL IN EQUITY filed in the Superior Court on April 7, 1969.

The suit was heard by *Campbell, J.*

*Sumner H. Rogers* for the defendant Norfolk and Dedham Mutual Fire Insurance Company.

*Timothy H. Donohue* for the plaintiffs.

TAURO, C.J.   In this suit in equity for declaratory relief, the defendant Norfolk and Dedham Mutual Fire Insurance Company (Norfolk) appeals from a final decree, declaring that the plaintiff Peirce is an "insured" under the noncompulsory coverage B of the defendant Wheatley's Massachusetts motor vehicle policy with Norfolk, and further declaring that a similar policy issued by the plaintiff Transamerica Insurance Company (Transamerica) to Peirce provided "excess" coverage and was thus secondary to Norfolk's "primary" coverage.

The pertinent facts as agreed to and found by the judge are as follows.   On June 20, 1964, Wheatley sustained personal injuries while a passenger in his own car which was being operated with his consent by Peirce.   Norfolk learned of the accident upon receipt of an accident report (dated June 26, 1964) from Wheatley's insurance agent on or about June 30, 1964. Wheatley brought suit against Peirce by writ dated September 1, 1964, and returnable the first Monday of October, 1964.   Peirce's motor vehicle policy issued by Transamerica had a $100,000/$300,000 coverage.   Wheatley had similar coverage with Norfolk. Transamerica mailed the summons served on Peirce to Norfolk.   In turn, Norfolk mailed the summons back to Transamerica, together with a letter, dated October 16, 1964, stating its position that Wheatley's Norfolk policy was not valid and collectible insurance as to Peirce; that Norfolk would not enter an appearance in the suit; and that Transamerica might want to enter an appearance in

order to avoid a default being entered against Peirce. Transamerica defended the action against Peirce and a verdict was returned for Wheatley in the amount of $18,000. After exceptions taken by Peirce were overruled in the Supreme Judicial Court (*Wheatley* v. *Peirce*, 354 Mass. 573), Transamerica satisfied in full the execution issued against Peirce for $22,693.23 and also paid $2,453.67 for legal services.

Norfolk raises three contentions on appeal: first, that the named insured, Wheatley, may not recover from his own insurer; second, that its coverage is not primary in reference to Transamerica's coverage; [3] and third, that Peirce did not comply with "notice" requirements of its policy.

1. Norfolk relies on *McBey* v. *Hartford Acc. & Indem. Co.* 292 Mass. 105, and *Oliveria* v. *Preferred Acc. Ins. Co.* 312 Mass. 426, to support its contention that there can be no recovery against it by Wheatley, its named insured. In these cases, however, this court was construing the language of coverage A (compulsory motor vehicle insurance) rather than the language of coverage B (*noncompulsory* insurance) involved in the instant case.[4] The language of coverage A follows the statutory language of the Massachusetts compulsory liability insurance statute. G. L. c. 90, § 34A. "In [the] *MacBey* . . . [case] we held after careful consideration that a motor vehicle liability policy as defined in . . . [this statute] did not cover liability for bodily injuries suffered by the named assured himself through the operation of the vehicle by another

---

[3] Norfolk's coverage of $100,000 was more than ample to cover the loss and therefore Transamerica's coverage, which was ruled to be "excess" coverage, was not needed to satisfy the execution.

[4] Coverage A in both policies provides: "[I]ndemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle . . . against loss by reason of the liability to pay damages *to others* for bodily injuries" (emphasis added). Coverage B, in contrast, provides: "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . *sustained by any person* caused by accident and arising out of the ownership, maintenance or use of the motor vehicle" (emphasis added).

361 Mass. 144                                                147

Transamerica Ins. Co. v. Norfolk & Dedham Mutual Fire Ins. Co.

with the named assured's consent.  We there pointed out that this statute disclosed an intent to draw a sharp line of distinction between the assured himself on the one hand and 'others' to whom damages are to be paid on the other hand.  The assured himself does not belong to the class of the 'others' against whose claims the company has agreed to provide protection."  *Oliveria* v. *Preferred Acc. Ins. Co., supra*, at p. 427.

In our view, the words "by any person" in coverage B indicate an intention on the part of the insurer to provide broader coverage than is available under the more restrictive words "to others" in coverage A.  This construction is in accordance both with the plain and ordinary meaning of the words and with authority in other jurisdictions.  *Bachman* v. *Independence Indem. Co.* 214 Cal. 529 (construing words, "to any person or persons"). *Farm Bureau Mut. Ins. Co.* v. *Waugh*, 159 Maine, 115 (construing words, "by any person").  See *Chicago Ins. Co.* v. *American So. Ins. Co.* 115 Ga. App. 799, 800–802 (policy covering " 'bodily injury,' sustained by any person"), and cases cited therein.  Compare *Frye* v. *Theige*, 253 Wis. 596 (construing policy with exclusionary clause, "This policy does not apply . . . to bodily injury to . . . any person who is a named insured").  Furthermore, in contrast to the language of coverage A, the language of coverage B is not required by statute but was selected by the insurer itself.  It is well established that, where an insurer drafts the policy, the language is strictly construed and all ambiguities are resolved against the insurer.  *Edward Rose Co.* v. *Globe & Rutgers Fire Ins. Co.* 262 Mass. 469, 473.  *Lustenberger* v. *Boston Cas. Co.* 300 Mass. 130, 134–135.  *Schroeder* v. *Federal Ins. Co.* 343 Mass. 472, 475.  This rule of construction, combined with "the fact that if coverage in such [a] case were not intended, the insurer could have readily so declared by the addition of an express exclusion in the policy to that effect," confirms our conclusion that "by any person" includes the insured.  Couch, Insurance (2d ed.) § 45:483.

148          361 Mass. 144

Transamerica Ins. Co. v. Norfolk & Dedham Mutual Fire Ins. Co.

*Iowa Mut. Ins. Co.* v. *Meckna,* 180 Neb. 516, 525. See *Farm Bureau Mut. Ins. Co.* v. *Waugh,* 159 Maine, 115, 119–120.

2. The trial judge ruled correctly that Norfolk's coverage was primary while Transamerica's was for excess only. We adopt the rule of the majority of jurisdictions. Where, as in the instant case, the driver does not own the vehicle he was driving in the accident, the coverage on the car is primary while the coverage of the driver is excess as between two automobile insurers whose policies contain identical "other insurance" clauses.[5] *American Auto. Ins. Co.* v. *Republic Indem. Co.* 52 Cal. 2d 507, 511–513. *Chicago Ins. Co.* v. *American So. Ins. Co.* 115 Ga. App. 799, 802–803. *Schweisthal* v. *Standard Mut. Ins. Co.* 48 Ill. App. 2d 226, 230–231. *Maryland Cas. Co.* v. *American Family Ins. Group,* 199 Kans. 373, 384–385. *Zurich Ins. Co.* v. *Continental Cas. Co.* 239 Md. 421, 427–429. *Fidelity & Cas. Co.* v. *Western Cas. & Sur. Co.* 337 S. W. 2d 566, 574–577 (Mo. App.).[6] Couch, Insurance (2d ed.) § 62:81. Norfolk's reliance on *Beattie* v. *American Auto. Ins. Co.* 338 Mass. 526, for a contrary view is misplaced. The Transamerica policy issued to Peirce in the present case provides that "*the insurance with respect to temporary substitute motor vehicles as defined in Condition 5 or other motor vehicles under Insuring Agreement IV shall be excess insurance over any other valid and collectible insurance*" (emphasis added). Since Peirce had permission to operate Wheatley's car, the car

---

[5] The policies of both Norfolk and Transamerica contain the following "other insurance" clause: "If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute motor vehicles as defined in Condition 5 or other motor vehicles under Insuring Agreement IV shall be excess insurance over any other valid and collectible insurance."

[6] One jurisdiction, perhaps the only one, which does not give effect to an excess insurance clause over another insurance clause is Oregon. *Lamb-Weston, Inc.* v. *Oregon Auto. Ins. Co.* 219 Ore. 110. *Firemen's Ins. Co.* v. *St. Paul Fire & Marine Ins. Co.* 243 Ore. 10.

361 Mass. 144                                       149

Transamerica Ins. Co. v. Norfolk & Dedham Mutual Fire Ins. Co.

was a covered motor vehicle under Insuring Agreement IV,[7] and the excess insurance provision applies. In the *Beattie* case, *supra*, at 530, however, there was no applicable contractual provision in either policy "making any relevant coverage under one policy 'excess' to any coverage under the other." While it is true the policies in the *Beattie* case contained "other insurance" clauses such as the one involved here (see p. 528, n. 2), the excess insurance provision in neither clause applied because the vehicle in the case, a truck leased by the named insured and regularly used in his business, was neither a "temporary substitute motor vehicle" nor a motor vehicle covered under Insuring Agreement IV (pp. 528, 530).

3. We deal last with the judge's rulings on the "notice" issue. Wheatley's insurance policy required that notice of an accident be given *"by or for the insured* as soon as practicable" and that *"he [the insured]* . . . forward to the company every . . . summons . . . received by him" (emphasis supplied). The court was correct in its ruling that there was proper notice in the circumstances of the instant case (*Western Freight Assn.* v. *Aetna Cas. & Sur. Co.* 255 F. Supp. 858, 861–862, affd. 371 F. 2d 541 [3d Cir.]; *Simmon* v. *Iowa Mut. Cas. Co.* 3 Ill. 2d 318, 321–322; *Monguso* v. *Pietrucha,* 87 N. J. Super. 492, 496; *Helvy* v. *Inland Mut. Ins. Co.* 148 W. Va. 51, 60–61)[8] and also in its ruling that the forwarding of the summons by Transamerica to Norfolk sufficiently met the requirements of Norfolk's policy (*Lee* v. *Travelers Ins. Co.* 184 Atl. 2d 636, 638–639 [D. C. Mun. Ct. App.]; see *Ameri-*

---

[7] Insuring Agreement IV provides in relevant part as follows: "If the named insured is an individual . . . and if during the policy period such named insured . . . owns a private passenger motor vehicle covered by this policy, such insurance as is afforded by this policy under coverage B . . . with respect to said motor vehicle applies with respect to any other motor vehicle, subject to the following provisions: (a) With respect to the insurance under coverage B . . . , the unqualified word 'insured' includes (1) such named insured . . . provided his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission . . . ."

[8] The cases of *Potter* v. *Great Am. Indem. Co.* 316 Mass. 155, *O'Kane* v. *Travelers Ins. Co.* 337 Mass. 182, and *Peters* v. *Saulinier,* 351 Mass. 609, relied on by Norfolk, are clearly distinguishable on the facts.

*can Fire & Cas. Co.* v. *Collura,* 163 So. 2d 784, 787–788 [Fla.]). Transamerica's action in forwarding the summons, in any event, did not prejudice Norfolk's ability to defend against Wheatley's suit (Couch, Insurance [2d ed.] § 51:120) nor did Norfolk raise this issue in its letter to Transamerica as a ground relieving it of liability (see Couch, Insurance [2d ed.] § 71:43; Annotation, 18 A. L. R. 2d 443, 492–494). There was no error in these circumstances.

*Decree affirmed.*