MOTOR CLUB OF AMERICA INSURANCE COMPANY *vs.* ALL AMERICAN RENTAL, INC., & others. November 30, 1982. The plaintiff sought a declaration that the motor vehicle liability insurer for the defendant All American Rental, Inc. (AAR), or, if it has no insurer, AAR itself, is primarily liable for defending and for satisfying any judgment recovered in a tort action for property damage pending against AAR and the defendant Thomas. The complaint alleged that Thomas, a minor, is the owner of a car insured by the plaintiff but was driving a car leased from AAR at the time of the collision which is the subject of the pending tort action. AAR

has demanded that the plaintiff defend the action; the plaintiff's assertion that AAR's insurer is primarily liable and is obligated to defend was answered (allegedly) by AAR's assertion that it is not required by law to maintain compulsory insurance or to defend or indemnify Thomas. AAR did not file an answer but only a motion to dismiss on several grounds. The plaintiff appeals from a judgment dismissing the action pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974).

A motion to dismiss an action seeking declaratory relief for failure to state a claim normally raises only the question whether a controversy has been alleged. *Morgan* v. *Banas,* 331 Mass. 694, 698 (1954). *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.,* 333 Mass. 405, 406 (1956). *Greenberg* v. *Assessors of Cambridge,* 360 Mass. 418, 423 (1971). A controversy over which of two insurers is obligated to defend an action is properly the subject of declaratory relief. *Improved Mach., Inc.* v. *Merchants Mut. Ins. Co.,* 349 Mass. 461 (1965). See also *Transamerica Ins. Co.* v. *Norfolk & Dedham Mut. Fire Ins. Co.,* 361 Mass. 144 (1972); *Barnstable County Mut. Fire Ins. Co.* v. *Lally,* 374 Mass. 602 (1978). This action is governed by that principle: whether AAR was obligated to maintain compulsory insurance or give a motor vehicle liability bond or deposit (see G. L. c. 90, §§ 32E and 34A) and whether it has the obligations of an insurer if it did not are simply subsidiary questions bearing on the principal question of primary responsibility to defend the action. Disagreement with the plaintiff's legal position is no basis for dismissal if there is a controversy. *Egnet* v. *Commissioner of Pub. Safety,* 5 Mass. App. Ct. 188, 190 (1977). *Merchants Mut. Cas. Co.* v. *Leone,* 298 Mass. 96 (1937), relied on by AAR, was "decided before the enactment of G. L. c. 231A by St. 1945, c. 582, § 1, when declaratory relief was more restricted than it is today." *Magoun* v. *Liberty Mut. Ins. Co.,* 346 Mass. 677, 684 n.6 (1964). See *United States Fid. & Guar. Co.* v. *Koch,* 102 F.2d 288, 295 (3d Cir. 1939), criticizing the decision in *Merchants Mut. Cas. Co.* v. *Leone.*

The judgment is reversed. The order allowing the motion to dismiss is reversed, and a new order is to enter denying the motion insofar as it seeks dismissal under Mass.R.Civ.P. 12(b)(6). The case is to stand for further proceedings consistent herewith.

*So ordered.*

*Shelley McIntyre Draper* for All American Rental, Inc.
*Paul A. Manoff* for the plaintiff.