HAROLD MARTELL vs. TEACHERS' RETIREMENT BOARD.

Norfolk. February 4, 1985. — June 7, 1985.

Present: GREANEY, C.J., KAPLAN, & BROWN, JJ.

*Retirement. Public Employment,* Retirement. *Practice, Civil,* Declaratory relief. *Administrative Law,* Primary jurisdiction. *Contributory Retirement Appeal Board. School and School Committee,* Retirement benefits, Collective bargaining. *Contract,* Collective bargaining contract.

An action for declaratory relief was an appropriate method to determine whether the Teachers' Retirement Board improperly denied a teacher increased superannuation benefits under G. L. c. 32, § 10(2)(a), notwithstanding the fact that the teacher had not resorted to his administrative remedy before the Contributory Retirement Appeal Board. [190]

A teacher who had been released from his job, due to external constraints, in accordance with the provisions of a collective bargaining agreement was entitled to superannuation benefits under G. L. c. 32, § 10(2)(a), as of the time he applied for benefits to the Teachers' Retirement Board, rather than, as determined by.the board, at the conclusion of his "involuntary leave of absence" imposed under the recall provision of the collective bargaining agreement. [190-191]

A local school committee was not a necessary party to an action by a teacher seeking a determination whether he was entitled to increased superannuation benefits under G. L. c. 32, § 10(2)(a), as of the time of his application to the Teachers' Retirement Board. [191]

CIVIL ACTION commenced in the Superior Court Department on August 5, 1983.

The case was heard by *Herbert Abrams,* J., on a motion for summary judgment.

*Thomas Paul Gorman* for the plaintiff.

*Madeline Mirabito Becker,* Assistant Attorney General, for the defendant.

BROWN, J. The plaintiff, Harold Martell, is under fifty-five years of age and has twenty years of public employment creditable toward retirement benefits. On or about April 6, 1983, the Needham school department (department) notified the

plaintiff by letter that it had voted to release him from his job, due to external constraints, in accordance with the provisions of art. 32, § 9,[1] of the collective bargaining agreement (the agreement) between the Needham school committee (school committee) and the Needham Education Association.

Having been released from his employment, the plaintiff applied to the Teachers' Retirement Board (board) for superannuation benefits under G. L. c. 32, § 5, as modified by G. L. c. 32, § 10(2)(*a*) (as amended through St. 1967, c. 826, § 19), which provision increased the benefits for those whose employment is involuntarily terminated or whose "position is abolished" or who "fail[] of reappointment". In denying the plaintiff's application, the board advised him that his employment would not be deemed to have ended for purposes of § 10(2)(*a*) until conclusion of the "involuntary leave of absence" (September 30, 1984) which art. 32, § 9, imposed.[2]

In this ensuing action for declaratory relief, the plaintiff seeks a determination whether he is entitled to increased superannuation benefits as of the time of his application to the board. Upon submission of a statement of agreed facts, a judge of the Superior Court entered judgment for the board on the parties' cross motions for summary judgment, from which judgment the plaintiff appeals. On the basis of *Brown* v. *Taunton*, 16 Mass. App. Ct. 614, 617 (1983), we reverse the judgment of the Superior Court and enter judgment for the plaintiff, declaring that he was entitled to superannuation benefits under G. L. c. 32, § 10(2)(*a*), upon application to the board.[3]

---

[1] Article 32, § 9, provides that "[t]enured teachers who are released from the school system under this Article will be placed on an involuntary leave of absence for the recall period unless the teacher requests a dismissal." The "recall period" refers to a period of fifteen months within which the terminated employee may be recalled to service at the school committee's wish.

[2] It may fairly be said that in the circumstances here the board had the teacher coming and going at the same time. Also, it would appear that the union by this provision had "shot itself in the foot."

[3] We do not attempt, nor do we deem it necessary, to explore the remaining meaning or scope of art. 32, § 9.

The board asserts that the plaintiff must first pursue the administrative remedy available before the Contributory Retirement Appeal Board (CRAB) under G. L. c. 32, § 16, before he can seek judicial review of the board's denial of his § 10(2)(*a*) benefits. We do not agree. In *Massachusetts Retired Police & Firefighters Assn.* v. *Retirement Bd. of Belmont*, 15 Mass. App. Ct. 212 (1983), we reasoned that "where no questions of fact are to be decided [by CRAB], pure issues of statutory interpretation are probably as readily decided by a court as by CRAB." *Id.* at 217. In such circumstances, the court was of opinion that resort to CRAB was neither necessary nor desirable.

Declaratory relief offers an expeditious and final determination of disputed questions of law, especially those concerning retirement benefits, where an employee must know in advance what his financial resources will be. See *LaCouture* v. *Retirement Bd. of Quincy*, 11 Mass. App. Ct. 738, 744-745 (1981) ("This was an appropriate case for exercising discretion to afford declaratory relief . . . . LaCouture should not be required irrevocably to seek and to obtain retirement before ascertaining by litigation what his pension will be"). *Brown* v. *Taunton*, 16 Mass. App. Ct. 614 (1983), confirmed the principle of *LaCouture*, *supra*.

As it is undisputed that the plaintiff meets the eligibility criteria set forth in § 10(2)(*a*), the only impediment to his receipt of benefits is the board's determination that the plaintiff is not entitled to benefits prior to the end of the involuntary leave of absence imposed by the collective bargaining agreement. In effect, this would mean that the recall provision of the collective bargaining agreement supersedes the plaintiff's § 10(2)(*a*) rights. This is not possible, however, as G. L. c. 32, § 10(2)(*a*), is not among the statutes listed in G. L. c. 150E, § 7(d). See *National Assn. of Govt. Employees, Local R1-162* v. *Labor Relations Commn.*, 17 Mass App. Ct. 542, 544 (1984), and cases cited. Insofar as the board perceives a conflict between the terms of the recall provision and the plaintiff's entitlement under § 10(2)(*a*), the conflict must result in the grant of the statutory rights, as the terms of the

agreement cannot "override" the provisions of § 10(2)(*a*). See *Broderick* v. *Mayor of Boston*, 375 Mass. 98, 103 (1978).

In a further attempt to avoid its § 10(2)(*a*) obligation, the board argues that the recall provision makes the plaintiff's loss of his job something other than an involuntary termination. "This case exemplifies a well understood principle — that mere characterization of a feature of a collective bargain . . . will not save the provision if in substance it defeats a declared legislative purpose." *Watertown Firefighters, Local 1347* v. *Watertown*, 376 Mass. 706, 714 (1978). See also in this regard *Haskell* v. *School Comm. of Framingham*, 17 Mass. App. Ct. 628, 630-631 (1984), where it was held that a school committee's action eliminating funding for a position and terminating an employee was a complete separation from the service of the schools and that the recall provisions of the collective bargaining agreement did not affect the date of separation. Similarly, in the present case, the collective bargaining agreement's "recall provision" cannot affect the plaintiff's entitlement to benefits under G. L. c. 32, § 10(2)(*a*). Compare *South Hadley* v. *Director of the Div. of Employment Security*, 389 Mass. 399, 402-403 (1983). The plaintiff meets all qualifications under the statute and is presently entitled to his claimed retirement benefits.

There is no merit to the board's claim that the school committee is a necessary party to this action. The committee does not have an "interest" relating to the subject matter of this action within the meaning of Mass. R. Civ. P. 19, 365 Mass. 765 (1974). The committee does not contribute to the retirement fund, nor has it any obligation to pay any retirement benefits to any retiree. The contributions come from the employee and from the general revenues of the Commonwealth and the defendant board makes the payment. Here, as in *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxation*, 363 Mass. 685, 689 (1973), no tripartite dispute has been made to appear.

The judgment is reversed, and a new judgment is to enter declaring the plaintiff's rights in accordance with this opinion.

*So ordered.*