VINCENT J. ZELESKY vs. COMMISSIONER OF THE DIVISION
OF PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION
& another.[1]

No. 89-P-327.

Suffolk. March 8, 1990. - February 8, 1991.

Present: BROWN, DREBEN, & FINE, JJ.

*Public Employment*, Accidental disability retirement, Workers' compensa-
tion. *Statute*, Construction. *Words*, "Regular compensation."

For the purpose of calculating an accidental disability retirement allow-
ance due an injured public employee under G. L. c. 32, § 7(2), neither
workers' compensation payments received by the employee under G. L.
c. 152 nor supplemental payments received in his capacity as an em-
ployee of a house of correction pursuant to G. L. c. 126, § 18A, were
"regular compensation for his employment in the public service" within
the meaning of c. 32, § 7(2). [108-110]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 6, 1988.

The case was heard by *Robert L. Steadman*, J., on a mo-
tion to dismiss.

*Mark Dalton* for the plaintiff.

*Rosanna Cavallaro*, Assistant Attorney General, for the
Commissioner of the Division of Public Employee Retire-
ment Administration & another.

BROWN, J. The plaintiff seeks, pursuant to G. L. c. 231A,
a declaration that, in the computation of his accidental disa-
bility retirement allowance, "regular compensation for his
employment in the public service"[2] within the meaning of
G. L. c. 32, § 7, includes payments received pursuant to

[1]Treasurer-chairman of the Worcester County retirement system.

[2]General Laws c. 32, § 7(2), as appearing in St. 1982, c. 630, § 18,
provides in part: "Upon retirement under the provisions of this section a
member shall receive an accidental disability retirement allowance to be-

G. L. c. 152 and G. L. c. 126, § 18A.[3] The defendants, the Commissioner of the Division of Public Employee Retirement Administration (PERA), and the treasurer-chairman of the Worcester County retirement system (WCRS), moved to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. See Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). After a hearing, a judge of the Superior Court allowed the defendants' motion.[4] Judgment entered for the defendants and this appeal ensued.[5]

The plaintiff's complaint alleges that on January 5, 1981, he sustained personal injuries in the course of his employment as a correction officer at the Worcester County jail and house of correction. Since 1981, the plaintiff has received weekly workers' compensation payments plus a sum equal to the difference between his wages at the time of the accident and those workers' compensation payments from the Commonwealth pursuant to G. L. c. 126, § 18A.

---

come effective. . . on the date for which he last received regular compensation for his employment in the public service . . . ."

[3]General Laws c. 126, § 18A, as appearing in St. 1977, c. 1002, provides in part that "[a]n employee in a jail or house of correction. . . who, while in the performance of duty, receives bodily injuries . . . and who as result of such injury is entitled to benefits under [c. 152], shall be paid, in addition to the benefits of said [c. 152], the difference between the weekly cash benefits to which he is entitled under said [c. 152] and his regular salary . . . ."

[4]The motion should not have been allowed. This was an appropriate case for affording declaratory relief. *LaCouture* v. *Retirement Bd. of Quincy*, 11 Mass. App. Ct. 738, 744-745 (1981). *Martell* v. *Teachers' Retirement Bd.*, 20 Mass. App. Ct. 188, 190 (1985). Ordinarily we might simply vacate the judgment and remand the matter for further proceedings. See *Motor Club of America Ins. Co.* v. *All American Rental, Inc.*, 14 Mass. App. Ct. 1031, 1032 (1982). Here, however, the case was argued on the footing that the facts are undisputed (the judge recited the facts in his memorandum of decision). As the determinative question of law has been fully briefed we proceed to consider it.

[5]The question whether the plaintiff was required to appeal the decision of PERA to the Contributory Retirement Appeal Board (CRAB) before seeking judicial relief needs no extended discussion. The question is controlled by the principles set out in *Murphy* v. *Administrator of the Div. of Personnel Adm.*, 377 Mass. 217, 220-222 (1979), and *Martell* v. *Teachers' Retirement Bd.*, 20 Mass. App. Ct. 188, 190 (1985).

In December of 1985, the plaintiff filed an application with the WCRS, requesting an accidental disability retirement allowance as prescribed by G. L. c. 32, § 7. The application was approved by WCRS and PERA and the plaintiff's c. 152 and c. 126, § 18A, payments were discontinued by his employer at that time.

A dispute then arose between the plaintiff and PERA over the computation of the plaintiff's accidental disability retirement allowance. The essence of the dispute concerned whether the term "regular compensation" within the meaning of G. L. c. 32, § 1,[6] includes payments the plaintiff has received pursuant to c. 152 and c. 126, § 18A. PERA took the position that it did not.[7] The plaintiff did not appeal the decision of PERA, but rather withdrew his application for accidental disability retirement. On August 20, 1987, the WCRS voted to accept the withdrawal of the plaintiff's application and his employer has now restored his c. 152 and c. 126 benefits.

The Supreme Judicial Court has had occasion to construe the definition of "regular compensation" in c. 32, § 1, and has concluded that "[i]n the words 'salary, wages or other compensation in whatever form' the last generic phrase takes its color of meaning from 'salary' and 'wages' . . . , and the whole refers to remuneration geared to work or services performed; . . . ." *Boston Assn. of Sch. Administrators & Supervisors* v. *Boston Retirement Bd.*, 383 Mass. 336, 341 (1981) (citation omitted). Workers' compensation insurance is not paid "for the individual service of the employee" (G. L. c. 32, § 1), but instead is paid only where the employee cannot perform any service due to injury. See G. L. c. 152, § 29. It thus is neither a "salary" nor a "wage" and

---

[6]General Laws c. 32, § 1, as amended by St. 1979, c. 681, defines "regular compensation" as "salary, wages or other compensation in whatever form, lawfully determined for the individual service of the employee by the employing authority, not including bonus, overtime, severance pay . . . or early retirement incentives . . . ."

[7]The plaintiff represents that calculating his retirement allowance with the payments would give him $21,977 yearly. Without the payments the figure is $12,130.

is therefore not "remuneration geared to work or services performed." 383 Mass. at 341. See *State Bd. of Retirement v. Boston Retirement Bd.*, 391 Mass. 92, 94 (1984) ("we need not look beyond the words of the statute where the language is plain and unambiguous").

Similarly, workers' compensation insurance is not paid "by the employing authority" (G. L. c. 32, § 1) but instead is paid by an insurer (or self-insurer). See G. L. c. 152, § 34. Thus, with respect to both the source of the payment and its purpose, workers' compensation insurance fails to meet the threshold requirements of G. L. c. 32, § 1.[8]

Accordingly, for purposes of computing the accidental disability retirement allowance, the term "regular compensation for his employment in the public service" within G. L. c. 32, § 7, does not include workers' compensation payments received under c. 152. To conclude otherwise would effectively undermine the legislative purpose behind the retirement law which is to prevent the introduction of ad hoc payments into the calculation of pension allowances and ensure a minimum level of predictability in computing pension payments made out of the retirement system. See *Boston Assn. of Sch. Administrators & Supervisors* v. *Boston Retirement Bd.*, 383 Mass. at 341 (regular compensation "imparts the idea of ordinariness or normality as well as the idea of recurrence").

Likewise, the payments received by the plaintiff as an employee of a county jail pursuant to G. L. c. 126, § 18A, are not "regular compensation" within the meaning of G. L. c. 32, § 1. Section 18A provides that the benefit received shall be "the difference between the weekly cash benefits to which [the employee] is entitled under [the workers' compensation act] and *his regular salary*" (emphasis added). Implicit in this language is the assumption that workers' compensation and the supplemental payment are not themselves

---

[8]In addition, G. L. c. 32, § 1, makes plain that extraordinary payments — such as "bonus, overtime, severance pay . . . [or] early retirement incentives" — are to be excluded from the definition of "regular compensation." Workers' compensation payments fit more comfortably into this category of excluded compensation than into the definition of "regular compensation."

regular compensation, but instead are a substitute for an employee's "regular salary." For this reason, if no other, § 18A payments may not appropriately be used to calculate accidental disability retirement allowances. *Boston Assn. of Sch. Administrators & Supervisors* v. *Boston Retirement Bd.*, 383 Mass. at 341.

We conclude that PERA's determination that the amount of "regular compensation" to be used in calculating the plaintiff's retirement allowance "would be the annual rate of his regular compensation [as] of the date that he last received regular compensation, most likely the date of the injury" is correct. The judgment is vacated (see note 4, *supra*), and a new judgment is to be entered declaring that payments made to an employee pursuant to G. L. c. 152 and G. L. c. 126, § 18A, must be excluded from the computation of accidental disability retirement allowances.

*So ordered.*