Plaintiff, Thomas P. Hayes, brings this G.L.c. 30A, §14 appeal from an adverse decision of the Contributory Retirement Appeal Board (CRAB) reversing the Administrative Law Judge who had found in plaintiffs favor. Plaintiff seeks retirement benefits pursuant to G.L.c. 32, §10(2)(a), and the issue upon which the Administrative Law Judge and CRAB disagreed is the proper calculation of those benefits.
The facts are uncontested and are set out in the' administrative record. In March of 1987, plaintiff injured his back in the course of his employment with the City of Newton, and he received worker’s compensation until August, 1992, when he was terminated from his employment because of physical incapacity to perform his job. Plaintiff elected to receive his superannuation retirement allowance according to G.L.c. 32, §12, Option (c). Pursuant to G.L.c. 32, §10(2)(a), plaintiffs allowance was to be based upon his average annual rate of regular compensation received during any five year period of creditable service for which such rate was highest. The Newton Retirement Board determined that plaintiffs retirement allowance would be based upon the regular compensation that he received in the five years culminating in 1987. Plaintiff contends, and the Administrative Law Judge agreed, that the retirement allowance should be calculated on the compensation plaintiff would have received had he continued to work until 1992. CRAB reversed the decision of the Administrative Law Judge and affirmed the prior decision of the Newton Retirement Board.
For the following reasons, this Court upholds the Contributory Retirement Appeal Board’s decision.
DISCUSSION G.L.c. 30A, §14 Standard
The party appealing the administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982). New claims may not be raised on appeal if they were not also raised at the administrative appeal. M.H. Gordon & Son, Inc. v. Alcoholic Beverages Control Comm’n, 386 Mass. 64, 73 (1982). A reviewing court may order that “additional evidence be taken before the agency” only upon a showing that it is “material” and that there was “good reason” for failure to present it in the original proceeding. Benmosche v. Board of Registration in Medicine, 412 Mass. 82, 88 (1992).
Calculation of Benefits under G.L.c. 32, §10(2) (a)
The retirement allowance of public employees consists of two parts: an annuity and a pension. G.L.c. 32, §1. The part of the retirement allowance which is based upon accumulated employee deductions is the annuity. Id. The governmental employer makes up the difference between the retirement allowance provided by law and what is provided by the annuity. This difference is the pension. Id. The factors that affect the amount of the retirement allowance are age, length of creditable service, level of salary, and group classification. The basic calculation of retirement allowance is a percentage taken from a table based upon age and group classification multiplied by average regular salary, multiplied by years of service. G.L.c. 32, §5.
Section 10(2)(a) of chapter 32 provides that plaintiffs pension is to be based upon his “average annual rate of régular compensation received during any period of [five] consecutive years of creditable service for which such rate of compensation was the highest.”[2] Plaintiff contends that the phrase “regular compensation received” should be interpreted to mean the regular compensation that plaintiff would have received had he not been injured, but had continued working until his retirement in 1992.
Words in a statute, however, must be given their common meaning and construed according to their plain import. Zelesky v. Commissioner of the Div. Of *568 Public Employee Retirement Admin., 30 Mass.App.Ct. 106, 109 (1991); Brook House Condo, v. Automatic Sprinkler Appeal Bd., 414 Mass. 303 (1993). The word “received” does not commonly mean “would have received but for his injury" and such an interpretation changes the plain meaning of the statutory language. Plaintiff did not receive “regular compensation” during the years 1988 through 1992, but, rather, received worker’s compensation benefits.
The statute, moreover, defines “regular compensation” as “salary, wages or other compensation in whatever form, lawfully determined for the individual service of the employee by the employing authority.” G.L.c. 32, §1. The Appeals Court, in Zelesky, supra, determined that “regular compensation” as defined in c. 32, §1, does not include worker’s compensation payments, and held that the correct calculation of “regular compensation” would be the “annual rate of his regular compensation [as] of the date that he last received regular compensation, most likely the date of the ‘injury’ . . .” Id. at 109-110. Therefore, plaintiffs “regular compensation received” is not that which he would have received beyond the date of his injury had he not been injured, but is his compensation received prior to his injury.
Plaintiff further contends that Section 14(l)(a) requires that his interpretation of “regular compensation" be adopted. This Court disagrees. Section 14(l)(a) provides that, during such periods that an employee is entitled to Worker’s Compensation payments for total incapacity, no deductions for the annuity savings fund shall be made from the compensation payments. The employee shall have credited, however, as “creditable service,” the period during which Worker’s Compensation payments are paid. At the time of the employee’s retirement, there shall be transferred from the pension fund to the annuity savings fund, the amount which would have been paid by the employee into the fund had the employment not been interrupted, provided that such payment only be used to provide an increased retirement allowance of the employee. This section does not, however, speak to how the “regular compensation received” by an employee’s pension is to be calculated, but rather speaks to the amount of creditable time which should be used in calculating contributions to the annuity savings fund.
Accordingly, the Court finds that the decision of the Contributory Retirement Appeal Board was not based upon an error of law, unsupported by substantial evidence, or unwarranted by facts found by the Administrative Law Judge. Nor was the Board’s decision arbitrary, capricious, an abuse of discretion, or otherwise legally erroneous.
ORDER
For the foregoing reasons, plaintiffs complaint for judicial review under G.L.c. 30A, §14is dismissed, and judgment is entered for defendants.

While Section 10(a)(2) has been amended to provide for the use of three consecutive years rather than five, the amendment provided for the acceptance of the amendment by the cities and towns, and Newton never accepted the amendment.