Cratsley, J.
INTRODUCTION
The defendants, Teed Welch, et al., as Trustees of Grand Lanark Condominium Trust, filed this motion to dismiss the above-captioned complaint pursuant to Mass.R.Civ.P. 19(a), failure to join an indispensable party. In addition, the defendants filed two motions for summary judgment alleging that some of the defendants were not trustees at the time the plaintiffs’ complaint was filed and that none of the defendants had the authority to enter into a contractual relationship with the plaintiffs. The plaintiffs, Honora Kaplan, Seth Emmer and Philip M. Howe, d/b/a Kaplan & Emmer (“Kaplan & Emmer”), have filed a cross motion for summary judgment seeking affirmation of a Boston Municipal Court (“BMC”) decision which granted summary judgment to Kaplan & Emmer.
For the reasons set forth below, defendants’ motion to dismiss and two motions for summary judgment are DENIED. Plaintiffs’ motion for summary judgment is ALLOWED.
FACTS
The undisputed facts as established by the pleadings, exhibits and affidavits are as follows. On or about June 16, 1987, the law firm of Gitlin, Emmer&Kaplan and four of the defendants, Michael Myers, Scott Carneal, Elizabeth Hosage and Scott Manka, entered into a fee retainer agreement under which Gitlin, Emmer & Kaplan would supply legal services to the Grand Lanark Condominium Trust. One month later, on July 16, 1987, an Appointment of Trustees appointing Myers, Hosage, Manka and Carneal as Trustees of Grand Lanark Condominium was signed by former Trustee Michael Perry and recorded in the Suffolk Registry of Deeds. Shortly, thereafter, on October 16, 1987 a Certificate of Appointment of Trustees, signed by the four above-referenced Trustees, naming Carol Lieb and Lisa Underhill as additional Trustees was recorded at the Suffolk County Registry of Deeds. (Myers, Hosage, Manka, Carneal, Lieb and Underhill will hereinafter be referred to as the “Myers Defendants.”) On October 19, 1988 a Certificate of Appointment of Trustees authorized by not less than 51 percent of the beneficial interest in the Trust appointing Mark Linsky, Roland Wheeler, Stuart Abrams, Teed Welch and George Petrakes (“Linsky Defendants”) Trustees of Grand Lanark Condominium Trust was recorded in the Suffolk County Registry of Deeds.
The plaintiffs allege that from 1987 through 1990, Gitlin, Emmer & Kaplan provided legal services to Grand Lanark Condominium Trust. The plaintiffs further allege that from July 1988 to November 1990, the Trust did not make any payments to Gitlin, Emmer & Kaplan for outstanding legal fees. OnAugust31,1991, the partnership of Gitlin, Emmer & Kaplan dissolved upon the withdrawal of Paul Gitlin. A new partnership, Kaplan & Emmer, was created that succeeded to all of the accounts receivable of the dissolved partnership. In addition, upon his withdrawal from Gitlin, Emmer & Kaplan, Paul Gitlin was compensated for his interest in the firm and did not acquire any right to pursue as an individual the collection of any fees due from Grand Lanark Condominium Trust. Howe’s Aff. §40.
In order to recover the alleged outstanding legal fees, Kaplan & Emmer brought suit in the BMC. On March 2, 1994, the BMC allowed Kaplan & Emmer’s motion for summary judgment as to liability and on October 25, 1994, pursuant to a damages hearing, awarded the plaintiffs $17,619.79. The defendants have now appealed the BMC decision to this Court.
DISCUSSION
Motion to Dismiss
The defendants have first moved to dismiss this action pursuant to Mass.R.Civ.P. 19(a) for the failure of the plaintiffs to join an indispensable party — Paul Gitlin. Mass.RCiv.P. 19(a) provides in relevant part that:
A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
“Notwithstanding the enumerated factors in [19(a)] for determination of whether joinder of nonparty is compelled there is no definite method for determining whether [a] nonparty must be joined.” Yonofsky v. Wernick, 362 F.Supp. 1005, 1007 (S.D.N.Y. 1973). Rather, “any decision must consider the overall policy considerations underlying [19(a)] which fosters as basic policy objectives the avoidance of unnecessary or multiple litigation, providing complete relief to parties before court and protection of rights and interests of any absent party. [The] philosophy of [the] rule is to *134 avoid dismissal whenever possible.” Id. “Joinder of additional parties is not necessary [when] complete relief [can be accorded] those already parties.” Commonwealth v. Andover, 378 Mass. 370, 373 (1979). “It is proper that indispensability of parties be determined solely by the nature of claim so that courts will have broader discretion to find that a particular plaintiff may proceed in absence of other parties.” Stevens v. Loomis, 334 F.2d 775 (U.S. Ct. of App. 1964). See also Martell v. Teachers Retirement Board, 20 Mass.App.Ct. 188, 191 (1985), where the Court held that the “school committee was not a necessary party to the action [because] it did not have an ‘interest’ relating to the subject matter of [the] action within the meaning of Mass.R.Civ.P. 19.”
In the case at issue, the partnership of Gitlin, Emmer & Kaplan dissolved and reformed as Kaplan & Emmer well before Kaplan and Emmer brought this action. The new partnership inherited all of the accounts receivable of the dissolved partnership including the outstanding legal fees due from Grand Lanark Condominium Trust. In addition, upon his withdrawal from Gitlin, Emmer & Kaplan, Gitlin was compensated for his interest in that firm and did not acquire any right to pursue as an individual the collection of any fees due from Grand Lanark Condominium Trust. Since the inception of this action, Gitlin has not attempted to join this suit, nor has he made any financial claims against Grand Lanark Condominium Trust. As the successor partnership, Kaplan & Emmer clearly stands in the best position to pursue this suit against the defendants. Thus, under the two-pronged test of Mass.RCiv.P. 19(a) and the discretion given this Court in determining indispensability, this Court finds that complete relief can be accorded the current parties without Gitlin and that Gitlin retains no interest in the case. As a result, this Court denies the defendants’ motion to dismiss.
Motions for Summary Judgment
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The defendants have filed two motions for summary judgment. The first motion for summary judgment alleges that the Myers Defendants were not Trustees of Grand Lanark Condominium Trust at the time the plaintiffs brought this action. In the second motion for summary judgment, both the Myers and Linsky Defendants claim that the plaintiffs were never retained by anyone with authority to act for the Trust. The plaintiffs have responded with a cross motion for summary judgment.
This Court finds that as a matter of law the doctrine of unjust enrichment supersedes the defendants’ arguments about appointment and authority. Massachusetts case law indicates that where a party is liable in restitution for monetary damages that party must pay an amount equal to the benefits that have been conferred upon him. Hastoupis v. Garzas, 9 Mass.App.Ct. 27, 35 (1979-80). See also Sullivan v. O’Connor, 363 Mass. 579, 296 (1973). The promisee possesses a protected restitutional interest because the promisor, who is treated for purposes of the analysis as the contract breaker, has been unjustly enriched. Hastoupis at 35 citing, Douillette v. Parmenter, 335 Mass. 305, 307 (1957).
In the instant case, regardless of whether the Myers defendants were appointed correctly or the Myers and Linsky Defendants had the authority to retain the plaintiffs, it is uncontroverted that Gitlin, Emmer & Kaplan provided legal services for what both the plaintiffs and defendants believed to be the Grand Lanark Realty Trust. In fact, at the assessment of damages hearing at the BMC, Attorney Steven Brody, the defendants’ former counsel, stated to Judge Giles that the Grand Lanark Condominium Trust did not dispute $12,551.65 charged in legal fees by the plaintiffs. At that time, Attorney Brody was only contesting legal fees incurred after September 26, 1988 when the Linsky Defendants became Trustees. Also at the assessment hearing, Attorney Howe from Kaplan and Emmer submitted an affidavit delineating in detail the legal fees owed to Kaplan and Emmer.[2] After examining this affidavit and hearing arguments from both sides Judge Giles awarded the plaintiffs $17,619.79. From Attorney Howe’s affidavit, Attorney Brody’s statement to Judge Giles during the BMC proceedings and Judge Giles’ findings after the damages assessment hearing, it is clear that the plaintiffs rendered services to the defendants for which they were not compensated. It is unjust for the defendants to accept these services in the name of Grand Lanark Trust when it benefitted them and then challenge their own authority to retain the plaintiffs when it comes time to pay the bill.
In addition to the theory of unjust enrichment, this Court places great weight on Judge Giles’ prior grant of summary judgment to the plaintiffs. “The decision, and the amount of the damages assessed ... by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings.” G.L.c. *135 231, §102C. ‘The findings in the District Court [for the defendant] . . . unless rebutted by evidence to the contrary, require verdicts for the defendant as a matter of law.” Fulton v. Gauthier, 357 Mass. 116, 117-18 (1970). “. .. No matter what other evidence might be introduced in the Superior Court, the decision of the District Court judge which [might]... consist of a very few words, such as ‘I find for the plaintiff and assess damages in the sum of $250.00,’ would be evidence warranting a finding for the plaintiff.” Akron Brick & Block Co. v. Moniz Engineering Co., Inc., 365 Mass. 92, 94 (1974) citing, Lubell v. First Natl. Stores, Inc. 342 Mass. 161, 164 (1961).
In the instant case, in addition to contending that they were not the Trustees of record at the time the plaintiffs initiated this action, the Myers Defendants claim that the original Appointment of Trustees and the Certificate of Appointment of Trustees naming Carol Lieb and Lisa Underhill as additional Trustees was defectively drafted by the plaintiffs and, consequently, the Myers Defendants never had the authority to retain the plaintiffs. Moreover, the Linsky Defendants argue that they never hired the plaintiffs and that the plaintiffs never provided any legal services to the Linsky Defendants after they were correctly appointed Trustees on October 19, 1988. These assertions are precisely the same contentions the defendants made in front of Judge Giles of the BMC. In attempting to thwart the plaintiffs’ motion for summary judgment at the BMC, the defendants raised the issue of authorization and also asserted that the individuals who retained Gitlin, Kaplan & Emmer’s services should be liable and not Grand Lanark Condominium Trust. These arguments failed. To set aside the BMC decision and grant the defendants’ motions for summary judgment would result in unjust enrichment for the defendants, who actually received the benefit of legal services. At the same time, the plaintiffs who had relied on the retainer agreement would be unfairly harmed. Consequently, this Court denies the defendants’ motions for summary judgment and grants the plaintiffs’ cross motion for summary judgment.
ORDER
For the foregoing reasons, the defendants’ motion to dismiss is DENIED, and the defendants’ two motions for summary judgment are DENIED. The plaintiffs’ cross motion for summary judgment is ALLOWED. This Court hereby ORDERS and DECLARES that the decision of the Boston Municipal Court on this matter is AFFIRMED.

Among the services provided by the plaintiffs for which they were not fully reimbursed were: representation of the Grand Lanark Realty Trust in its suit against the developers; drafting condominium documents, consulting and advising regarding the management of the condominium under the fee retainer agreement; and general condominium representation such as collecting delinquent common area fees from the unit owners.