RAWLS, Chief Judge.
The question presented by this appeal is, Did Appellees Yates have liability insurance coverage with the Appellant Insurance Company at the time of an automobile accident?
After considering motions by both parties for a summary final decree, the chancellor entered his amended summary final decree in favor of Yates finding that liability insurance coverage was afforded him by St. Louis at the time of the accident giving rise to this controversy. The insurance company argues that such coverage was not in effect because of material false statements, misrepresentations and conceal-ments of Appellee Arthur Yates when making his application and that the provisions of Section 627.0125, Florida Statutes, F.S.A., precluded a finding of waiver on its part or that it was estopped to deny coverage.
The material facts are not in dispute. On July 27, 1965, Arthur Yates applied to an agent of St. Louis for a liability insurance policy on a newly purchased automobile. The agent initially quoted a premium of $34.00, but after Yates disclosed that he had been guilty of a moving violation within the past three years, the premium was increased to $48.00, which Yates paid. Yates signed the application which stated in effect that his answers to the questions contained in the application were true. A “tear sheet” on top of the application instructed the agent that, “The risk is bound for twenty (20) days from the effective date shown in item 2 below, unless previously cancelled by notice to the applicant. No coverage is bound (A) if answer is ‘yes’ to questions 4A, 4B, 11A, 11C, 13C, (B) if point total exceeds 100, or (C) if financial responsibility certificate is required.” Suffice it to observe that the applicant falsely answered several of the material questions enumerated by the insurance company and had he truthfully answered same, the insurance agent would not have been able to abide by the instructions of his principal and at the same time bind coverage. Or stated another way, it is clear that the Appellee Arthur Yates procured the subject insurance coverage by making false representations of facts material to the risk. If the foregoing comprised all of the facts it is obvious that this cause would have enjoyed a brief life.
A few hours after applying for the subject insurance and paying the consideration for same, Yates was involved in an automobile accident with one Perry B. Liggett and his wife. The matter was referred to an insurance adjuster employed by Appellant, who promptly investigated the accident and instituted negotiations of settlement with Liggett. On August 27, 1965, routine inquiry by the Appellant’s insurance agent uncovered the concealments, misrepresentations and false statements of Arthur Yates, and on this date the agent by letter advised Yates that his application had been rejected. This letter was unclaimed by the addressee. However, on September 4, 1965, Arthur Yates visited the insurance agent’s office at which time he was advised that his application had been rejected and his $48.00 was returned to him. Meanwhile, the insurance adjuster continued negotiations with the Liggetts, and on November 24, 1965 (more than two months after the insurance company rejected Yates’ application and refunded his premium) a settlement was arrived at with the Liggetts by the adjuster for the total amount of $846.36, which sum had been authorized by the insurance company on November 10, 1965. An instrument entitled “release of all claims” was executed by the Liggetts on November 24, 1965> and promptly forwarded to the insurance company. In an answer to interrogatories propounded by Appellees, the casualty underwriter for the insurance *624 company stated that he was “advised by the claims department that they have the original release” and was “advised by the claims department that the release was never returned to the Liggetts because it was not requested and the release belongs to the Insurance Company of St. Louis.”
It is upon the foregoing facts that the chancellor entered a summary final decree against the plaintiff (insurance company) holding that, “The defendants had insurance coverage under their application number or policy number 3 PA 2 53 11 at the time of the accident or collision of July 27, 1965, with PERRY B. LIGGETT and that the defendant is entitled to all of the coverage and benefits of such policy.” We agree.
Bureaucracy is usually mentioned as a virus infecting government, but seemingly big business has failed to find an immunization against the disease. The recited facts disclose a typical example of the “right hand not knowing what the left hand is doing.” The insurance company on the one hand rejected Yates as a reasonable risk and after denying him, the right hand replevied him and voluntarily proceeded to assume responsibility for his derelictions. Call it waiver or estoppel, the insurance company went too far to now again attempt to escape the responsibilities it assumed. See Tillis v. Liverpool & London Globe Ins. Co., 46 Fla. 268, 35 So. 171 (1903).
Under the uncontroverted facts of this case the statute, Section 627.0125, lends no comfort to the Appellant.
Finally, the insurance company complains that the chancellor went too far in requiring Yates to pay back to it the sum of $48.00, since neither party sought such relief. It is difficult to comprehend how the insurance company has been injured by such action, and since Yates has not complained, we find this point to be without merit.
Appellee complains that the trial judge erred by failing to award additional attorney’s fees for post-trial proceedings. A review of the record discloses that the award made was adequate for all trial work. Appellee has also petitioned for an award of attorney’s fees incurred in this appeal. The petition is denied on authority of John T. Wood Homes, Inc. v. Air Control Products, Inc., 177 So.2d 709 (Fla.App. 1st, 1965).
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.