427 So.2d 1117 (1983)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
William JONES, Appellee.
Nos. 82-1478, 82-1479.
District Court of Appeal of Florida, Third District.
March 15, 1983.
Magill, Reid, Kuvin & Lewis and R. Fred Lewis, Miami, for appellant.
Philip M. Gerson, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
This case involves a question of coverage under an automobile liability policy issued by Liberty Mutual Insurance Company. In our view the trial court erred in holding that there was coverage under the policy and accordingly we reverse.
Robert Murphy filed an action against Country Home Bakers, William Jones and Liberty Mutual Insurance Company seeking recovery for damages resulting from a motor vehicle accident which occurred in *1118 North Carolina. The original pleadings alleged that the vehicle was owned by Country Home Bakers and was being operated by Jones while Murphy was a passenger. Liberty Mutual filed a motion to dismiss and a motion for more definite statement on behalf of Jones and Country Home Bakers. Those motions were denied and discovery ensued. During the course of discovery it became apparent that a coverage question between Liberty Mutual and Jones was developing. The original pleadings did not disclose that both Murphy and Jones were employees of Country Home Bakers and, at the time of the accident, were acting within the scope of their employment. The law firm that initially represented all the defendants withdrew from the litigation and Liberty Mutual denied coverage to Jones. Thereafter Murphy filed an amended complaint which Jones answered. By way of a cross-claim Jones sought declaratory relief against Liberty Mutual, and attorney's fees, on the coverage issue. Subsequently Liberty Mutual settled Murphy's claims against all parties, including Jones. The only issue thus remaining was Jones's cross-claim against Liberty Mutual for attorney's fees on the coverage issue. Both Jones and Liberty Mutual moved for summary judgment on the cross-claim. The trial court granted summary judgment in favor of Jones and denied Liberty Mutual's motion for summary judgment.
Liberty Mutual argues, and we agree, that Jones was excluded from coverage by virtue of the clear and unambiguous "cross-employee exception" clause contained within the policy. See General Insurance Co. of America v. Reid, 216 So.2d 41 (Fla. 4th DCA 1968), cert. denied, 222 So.2d 752 (Fla. 1969). See also 45 A.L.R.3d 288, 295, and cases collected therein.
Jones's assertion that Liberty Mutual should be estopped from denying coverage or has waived its right to deny coverage is without merit. His reliance on Cigarette Racing Team, Inc. v. Parliament Insurance Co., 395 So.2d 1238 (Fla. 4th DCA 1981), and Insurance Co. of St. Louis, Missouri v. Yates, 200 So.2d 622 (Fla. 1st DCA), cert. denied, 204 So.2d 328 (Fla. 1967), is misplaced. A party claiming an estoppel or waiver because of a delay in disclaiming liability must show that his rights were prejudiced thereby. Phoenix Assurance Co. of New York v. Hendry Corp., 267 So.2d 92 (Fla. 2d DCA 1972), cert. discharged, 277 So.2d 532 (Fla. 1973); Consolidated Mutual Insurance Co. v. Ivy Liquors, Inc., 185 So.2d 187 (Fla. 3d DCA), cert. denied, 189 So.2d 633 (Fla. 1966). This record is devoid of any evidence to support an estoppel or waiver; nor has Jones demonstrated how Liberty Mutual's disclaimer has prejudiced him, an ingredient necessary to the viability of either of his theories, see Consolidated Mutual Insurance Co., 185 So.2d at 189. Indeed, Liberty Mutual has conclusively shown that Jones has not been prejudiced.
For the foregoing reasons the summary judgment on the cross-claim in favor of Jones is reversed and this action is remanded with directions to enter summary judgment on the cross-claim in favor of Liberty Mutual.
By way of a separate interlocutory appeal, Case No. 82-1479, Liberty Mutual argues its right to seek contribution from Jones under section 768.31, Florida Statutes (1979). We do not reach that issue because it is apparent from the record that the trial court has not yet ruled on the contribution claim.
Reversed and remanded with directions.