Gary D. HANCOCK, Sandy Hancock and Insurance Company of North America *v.* TRI-STATE INSURANCE COMPANY

CA 92-989                                           858 S.W.2d 152

Court of Appeals of Arkansas
En Banc
Opinion delivered July 7, 1993

48

*Ponder & Jarboe*, by: *Dick Jarboe*, for appellants.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Brian Allen Brown* and *Jacob Sharp, Jr.*, for appellee.

BRUCE BULLION, Special Judge. This appeal involves the question of insurance coverage provided to a permitted driver in an automobile liability policy. The driver-employee of Allison Farms and Trucking, Inc., Mr. Videll, has been sued in tort by his co-employee, Mr. Hancock, for injuries received in an accident while they were delivering a load of rice for their employer. Mr. Videll made demand upon the employer's automobile liability insurance carrier, Tri-State Insurance Co., to furnish him a defense to the Hancock suit and pay whatever judgment was rendered against him. Tri-State filed this action seeking a declaratory judgment that it owed no duty to Mr. Videll in that suit under the undisputed facts. All parties moved for summary judgment, and after a hearing the trial court entered judgment that the Tri-State policy, in the circumstances of this case, excluded the coverage that Mr. Videll sought. This appeal ensued. We affirm.

In November, 1988, Riceland Foods engaged Allison Farms and Trucking, Inc. to transport a truck load of rice from its Jonesboro, Arkansas, plant to a consignee in Battle Creek, Michigan. The trucking company assigned two of its drivers, Messrs. Hancock and Videll, to drive the load of rice from origin to destination. Their driving format was that one would drive for a specified period while the other slept, or rested, in the sleeper compartment of the truck. They would then switch places, and this enabled the truck to remain in constant motion, except for short stops for coffee, and the like. While in Michigan, when Mr. Videll was driving, the truck was involved in an accident resulting in injuries to both men.

The Insurance Company of North America (INA), the workers' compensation insurance carrier for the trucking company, has paid both of these employees the benefits provided under that law. Mr. Hancock then filed a tort suit against his co-driver, Mr. Videll, to recover damages for his injuries. Mr. Videll called upon Tri-State to furnish him a defense, and it filed this suit for a declaratory judgment that it owed no duty to Mr. Videll under the circumstances of this case. INA is present in the suit to protect its subrogation rights in the event Mr. Hancock recovers judgment in that case.

■ Under our system of law, parties are free to make contracts based on whatever terms and conditions they agree upon, provided it is not illegal or tainted with some infirmity such as fraud, overreaching, or the like. The contracting parties to the document we have before us, Tri-State and the trucking company, agreed to the following conditions as a part of the contract:

### SECTION II. LIABILITY COVERAGE.

A. COVERAGE. We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies. . . . [W]e have no duty to defend 'suits' for 'bodily injury' . . . not covered by this Coverage Form.

1. WHO IS AN INSURED. The following are 'insureds':

a. You for any covered 'auto'.
b. Anyone else while using with your permission a covered 'auto'[.]

. . . .

B. EXCLUSIONS. This insurance does not apply to any of the following:

. . . .

3. WORKERS COMPENSATION. Any obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' compensation [law.]

4. EMPLOYEE INDEMNIFICATION AND EM-PLOYER'S LIABILITY. 'Bodily injury' to: (a) An employee of the 'insured' arising out of and in the course of employment by the 'insured'. . . . This exclusion applies: (1) Whether the 'insured' may be liable as an employer or in any other capacity[.]

5. FELLOW EMPLOYEE. 'Bodily injury' to any fellow employee of the 'insured' arising out of and in the course of the fellow employee's employment.

SECTION V. DEFINITIONS

. . . .

D. 'Insured' means any person or organization quali-fying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought.

The appellants do not contend that any of these quoted provisions are illegal or infirm; instead they urge that exclusions 3, 4, and 5 are void in the circumstances of this suit because of the definition of the word 'insured' in Section V.D., above. The argument is twofold: (a) the word 'insured' applies only to the person requesting the coverage and does not include the "named insured"; and (b) the wording of Section V.D. that provides "the coverage applies separately to each 'insured' " nullifies the three exclusions. This last argument is based upon a Wyoming case, *Barnette* v. *The Hartford Ins. Group*, 653 P.2d 1375 (Wyo. 1982), which will be mentioned later.

■ It is the duty of courts to enforce contracts as they are written and in accordance with the ordinary meaning of the language used and the overall intent and purpose of the parties. If some ambiguity creeps in, the interpreting court must first seek resolution within the wording of the instrument before resort to extraneous information is used.

■ It is very apparent to us that the intent of these contracting parties in inserting the three exclusionary clauses,

above, was an attempt to abide by the Arkansas law and workers' compensation law and public policy expressed thereby. There is nothing vague or indecisive in the language of the three exclusions, and the three of them relate to the same problem: work-related injury to employees. This was a risk excluded from the coverage, and if for no other reason (actually they do not need a reason so long as it is not illegal or tainted with infirmity), it is recognition that work-related injuries to employees are to be compensated under the provisions of the workers' compensation law, and none other insofar as these parties and their contract are concerned.

■■ The recognition of this intent brings into focus more clearly the true meaning of the word "insured" as used in Section V.D. The "named" insured is always a part of its meaning; otherwise the clauses become almost meaningless. There are not many employees who themselves have employees, or carry workers' compensation insurance, and to limit its meaning to the permitted driver, as here, makes them almost idle words. It is our opinion that the word clearly relates to and includes the named insured, one of the contracting parties. In this way, a reasonable and meaningful interpretation is given to the word, and allows the other clauses to remain as a part of the contract as written. And we do not consider this a far-fetched or strained interpretation — quite the opposite.

Be that as it may, however, even by the acceptance of the narrow meaning urged by the appellants, exclusion #5 excludes this coverage to Mr. Videll. For emphasis we again quote #5 in collated form as applied only to it:

> [W]e have no duty to defend 'suits' for 'bodily injury' . . . not covered by this Coverage Form. . . . This insurance does not apply to . . . 'bodily injury' to any fellow employee of the 'insured' arising out of and in the course of the fellow employee's employment.

Messrs. Hancock and Videll, at the time of the accident in Michigan, were fellow employees; Mr. Videll is the permitted driver insured seeking the coverage. The contracting parties agreed that under these circumstances there was no insurance coverage, and we must give force to this plain language.

■ The "separate coverage" language of Section V.D. in no way conflicts with the language of any of the three exclusions, and to determine that it nullifies them reaches for a conclusion without support. And while we are not called upon in this case to define the meaning of this phrase, only that it in no way conflicts with the exclusions, it would not be a difficult task to define it in complete harmony with all of the policy provisions; a way that agrees with, not detracts from, the intent of the parties. As an example, suppose the permitted driver is sued by someone other than a fellow employee, and the employer is not joined as a named defendant.

■ The *Barnette* case, *supra*, contains facts widely apart from the facts of this case, and the discussion of the policy provisions, and their quotation, leaves some doubt as to similarity to the language before us now. Nonetheless, even assuming they dealt with identical clauses under identical facts, we are more persuaded by the reasoning of the minority opinion in that case in that it reaches the better result under contract law. The fact of the matter is, we find no infirmity with the exclusionary clauses in the contract before us. They plainly provide that its coverage is denied to Mr. Videll in these circumstances. Tri-State owes him "no duty", contractual or otherwise, according to the evidence before us. *See Liberty Mutual Ins. Co.* v. *Jones*, 427 So.2d 1117 (Fla. Dist. Ct. App. 1983); *Julian Martin, Inc.* v. *Indiana Refrigeration Lines, Inc.*, 262 Ark. 671, 560 S.W.2d 228 (1978); *Bryan* v. *Aetna Casualty and Sur. Co.*, 381 F.2d 872 (8th Cir. 1967); 12 Ronald A. Anderson, *Couch Cyclopedia of Insurance Law* § 45:545 (Mark S. Rhodes, ed., Rev. 2d ed. 1981). Job A. Sandoval, Annotation, *Construction and Application of Provision of Automobile Liability Policy Expressly Excluding From Coverage Liability Arising From Actions Between Fellow Employees*, 45 A.L.R. 3d 288 (1972).

The other three arguments of the appellants can be disposed of in short order. They are: (1) the policy exclusions violate State and Federal public policy; (2) the policy is ambiguous regarding the named insured; and (3) a question of fact exists as to whether Messrs. Hancock and Videll were employed by the named insured. The public policy of both our State and Nation is contrary to the argument of appellants. *See TransAmerican Freight Lines, Inc.* v. *Brada Miller Freight Sys.*, 423 U.S. 28

(1975); *Cook v. Wausau Underwriters Ins. Co.*, 299 Ark. 520, 772 S.W.2d 614 (1989); Ark. Code Ann. § 27-19-713(e) (1991 Supp.). Also, the evidence clearly establishes that the named insured in this policy is the trucking company, and that both Messrs. Hancock and Videll were its employees. There is a provision in the policy that provides that only vehicles that are listed on a schedule attached to the policy are insured. That list reflects there are four truck tractors and seven trailers belonging to the trucking company, and none other.

█    Given the plain meaning of the exclusionary clauses and the undisputed facts of this case, the granting of summary judgment was proper.

COOPER and MAYFIELD, JJ., dissent.

ROGERS, J., not participating.

JAMES R. COOPER, Judge, dissenting. I dissent because the insurance policy at issue contains conflicting clauses which render the question of coverage ambiguous, requiring us to resolve the issue against the drafter.

As noted by the majority, the policy excludes coverage for injury to "any fellow employee of the insured." The effect of this cross-employee exclusionary clause, by its terms, depends upon the definition of "insured." However, the definition of "insured" contained in the policy incorporates a severability of interest clause which provides that the "coverage applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought.

The relationship between the cross-employee exclusionary clause and the severability of interest clause was the subject of an exhaustive analysis by the Wyoming Supreme Court in *Barnette* v. *Hartford Insurance Group*, 653 P.2d 1375 (Wyo. 1982). The *Barnette* Court held that the effect of combining these clauses was to permit coverage where the injured person is not the employee of the specific insured who seeks protection under the policy. There is extensive authority for the proposition that the employee exclusion clause is not effective unless the employee in question is an employee of the particular person against whom he is asserting his claim. *See, e.g.,* 12 *Couch on Insurance 2d* § 45:581 (rev. ed. 1981).

As the Arkansas Supreme Court has noted, an insurance policy is to be construed strictly against the insurer. *Employers Mutual Liability Insurance Co.* v. *Farm Bureau Mutual Insurance Co.*, 261 Ark. 362, 549 S.W.2d 267 (1977). The *Employers Mutual* Court further noted that conflicting judicial interpretations place insurance companies on notice that terms subject to such contradictory interpretations are ambiguous. *Id.* at 365. In light of the many cases holding that the employee exclusion is effective only when the employee in question is asserting a claim against his own employer, *see* 12 *Couch on Insurance* 2d § 45:581 (rev. ed. 1981), I submit that an ambiguity arises in the case at bar which should have been resolved against the insurer.

I respectfully dissent.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority opinion in this case. I agree with Judge Cooper's dissent which states that the insurance policy involved is ambiguous. However, we must construe the policy against the insurer who wrote it and in favor of the insured. *Countryside Casualty Co.* v. *Grant*, 269 Ark. 526, 530, 601 S.W.2d 875, 878 (1980). When that is done I believe the matters submitted by the parties on the motion for summary judgment mandate an interpretation in favor of the appellants in this case.

The policy involved here has a severability of interest clause in Section "V" of the policy. Subsection "D" thereunder is almost exactly like the one involved in *Barnette* v. *The Hartford Ins. Group*, 653 P.2d 1375 (Wyo. 1982). That case makes it very clear that the policy in the present case covered Mr. Videll. As that case explains, the reason for this clause is to insure an employee for liability when he would not otherwise be insured under the policy. The majority's reasoning in this case is backwards. Because the driver in this case was covered by workers' compensation is the very reason the policy in this case contained the severability clause. Moreover, the citation in the majority opinion to 12 *Couch on Insurance 2d* § 45:545 does not deal with this type clause. Section 45:549, at pages 949-50, does deal with this type clause. *See Barnette*, 653 P.2d at 1383. Also, *Barnette* and two other cases holding the same way are referred to in the 1992 Supplement to *Couch on Insurance* at § 45:549. Furthermore, the Arkansas case of *Julian Martin, Inc.*, v. *Indiana Refrigeration*

*Lines, Inc.*, 262 Ark. 671, 560 S.W.2d 228 (1978), does not deal with this type clause. In fact, no case cited by the majority opinion which deals with this type clause supports the majority opinion.

The *Barnette* case is not easy to read, but it contains a good analysis, it collects the authorities, and the result it reaches, in my opinion, is right.

I dissent from the majority opinion.