**ESTATE OF Mary G. SODORFF,**
**Deceased,**

v.

**UNITED SOUTHERN ASSURANCE**
**COMPANY.**

No. CIV. 96–4034.

United States District Court,
W.D. Arkansas,
Texarkana Division.

Sept. 9, 1997.

Charles M. Walker, Wilson, Walker & Short, Hope, AR, for Plaintiff.

Michael Cogbill, James A. Arnold, II, Rebecca D. Hattabaugh, Ledbetter, Hornberger, Cogbill, Arnold & Harrison, Fort Smith, AR, Alan Harrell, Christy Paddock, Atchley, Russell, Waldrop & Hlavinka, Texarkana, AR, for Defendant.

## *MEMORANDUM OPINION*

BARNES, District Judge.

Before the Court is a motion for partial summary judgment filed by plaintiff, the Estate of Mary G. Sodorff (Sodorff). Defen-

dant United Southern Assurance Company (United) has responded to the motion.

## I. BACKGROUND

Plaintiff Sodorff filed her complaint in this Court on March 11, 1996, which asks for damages and a declaratory judgment that United wrongfully failed to defend her in a suit in which she was held liable. The complaint alleges that defendant United issued a liability insurance policy to Harold Beard (Beard) on April 21, 1992, and that it covered the liability incurred by Sodorff as the result of negligently injuring her employer and passenger, Harold Beard, while driving his truck. Beard obtained a $1,300,000.00 judgment against the Estate of Sodorff, who died as the result of the accident. Sodorff's estate alleges that she was covered under the omnibus clause of the policy issued to Beard. Sodorff's demand that United defend her against the Beard suit was refused. (Answer at Par. 9). Plaintiff Sodorff filed a motion for partial summary judgment on July 18, 1997, contending that her liabilities (Beard's injuries) were covered by the liability policy issued to Beard, and that United breached its duty to defend and indemnify Beard's claim against her.

## II. DISCUSSION

The standard of review for summary judgment motions is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Krenik v. County of Le Sueur*, 47 F.3d 953 (8th Cir.1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of

fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). *See also AgriStor Leasing v. Farrow*, 826 F.2d 732 (8th Cir.1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union—Management Pension Fund*, 800 F.2d 742, 746 (8th Cir.1986).

The Eighth Circuit Court of Appeals has advised trial courts that summary judgment should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transp. Co. v. United States*, 600 F.2d 725 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979). The Eighth Circuit has also held that courts, in ruling on motions for summary judgment, must give the non-moving parties "the benefit of the reasonable inferences that can be drawn from the underlying facts." *Fischer v. NWA, Inc.*, 883 F.2d 594, 598 (8th Cir. 1989) (citing *Trnka v. Elanco Products*, 709 F.2d 1223 (8th Cir.1983)). When Fed. R.Civ.P. 56 is properly used, "dilatory tactics resulting from the assertion of unfounded claims or the interposition of specious denials or sham defenses can be defeated, parties may be accorded expeditious justice, and some of the pressure on court dockets may be alleviated." 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2712 (1983). A summary judgment motion is an extremely important device for conservation of judicial time and costs of litigation where it is clear that no claim or defense to a claim exists as a matter of law. *Champion Brick Co. v. Signode Corp.*, 263 F.Supp. 387, 391 (D.C.Md. 1967).

In moving for partial summary judgment, Sodorff's estate asks the Court to declare that the liability policy issued to Harold Beard by United (which insured the liabilities of Sodorff as a permissive driver) covered the injuries sustained by Harold Beard. In support, Sodorff submits that Harold Beard is neither excluded by law from being a claimant under his own policy, nor is he excluded by the express terms.

## A. Exclusion by law

■ Courts are not in agreement as to whether a named insured is covered under an automobile liability policy when he is negligently injured by a permissive driver who claims protection under the omnibus clause. See Appleman, *Insurance Law and Practice* (Buckley ed.) § 4409; 12 George J. Couch, *Couch on Insurance* § 45:484–85 (2d rev. ed.1981). The issue is one of first impression under Arkansas law.

United argues that to allow Beard to be covered under these circumstances would transform the liability policy into one for personal injury coverage when no premiums for such coverage have been paid. In addition, they point to the workers' compensation, fellow employee, and employee indemnification exclusions of the policy as manifesting an intent to exclude any liability which arises among the Beards or their employees during the course of the trucking business.

In contrast, the plaintiff asserts that the plain language of the policy provides coverage for the liabilities of Sodorff, and that no exclusion prevents coverage of a liability which happens to arise in favor of the named insured.

The majority of authority permits recovery to the named insured under these circumstances. Couch § 45:484; Appleman § 4409 at 325 (noting that "the courts feel that the case must be examined from the viewpoint of the driver who expects and demands protection from the possibility of having to pay a judgment not compensated by insurance"). This rule is fashioned on the principle of strict construction that the insurer is under a duty as drafter to insert a provision excluding coverage of bodily injury to the named insured if no such coverage is desired. *See, e.g., State Farm Mutual Automobile Ins. Co. v. Cartmel,* 250 Ark. 77, 463 S.W.2d 648 (1971) (upholding a named insured exclusion). Cases finding a lack of coverage on grounds other than express exclusion are often based upon policy language which either covers liability arising from injuries to "other persons" only, *State Farm Mut. Auto. Ins. Co. v. Sivey,* 404 Mich. 51, 272 N.W.2d 555 (1978); *Wheeler v. State Farm Mut. Auto. Ins. Co.,* 438 F.2d 730 (10th Cir.1971), or which was mandated by financial responsibility statutes rather than drafted by the insurer in interest. *See, e.g., Transamerica Ins. Co. v. Norfolk and Dedham Mut. Fire Ins. Co. et al.,* 361 Mass. 144, 279 N.E.2d 686, 687–88 (1972). A minority of cases have excluded coverage solely on the basis that extending coverage would serve to transform a liability insurance policy into one covering personal injury for the named insured. *Gibson v. State Farm Mut. Auto. Ins. Co.,* 378 So.2d 875 (Fla.Ct. App.1979); *Oliveria v. Preferred Accident Ins. Co.,* 312 Mass. 426, 45 N.E.2d 263 (1942).

■ Arkansas case law dealing with the construction of insurance contracts is clearly in accord with the majority view. Indeed, Arkansas courts have long followed the rule that the intent to exclude coverage in insurance contracts should be expressed in clear and unambiguous language, and an insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Nationwide Mut. Ins. Co. v. Worthey,* 314 Ark. 185, 861 S.W.2d 307, 309 (1993) (*citing Baskette v. Union Life Ins. Co.,* 9 Ark.App. 34, 652 S.W.2d 635, 637 (1983)). Thus, even where language of exclusion is present in a policy, an interpretation favorable to the insured will be adopted if there is doubt or uncertainty as to the meaning of such language. *Id.* (*citing Drummond Citizens Ins. Co. v. Sergeant,* 266 Ark. 611, 588 S.W.2d 419, 423 (1979)).

In this instance, the plain language of the policy extends coverage for the liabilities of Sodorff. The policy defines an "insured" as "you [named insured] for any covered auto" as well as "anyone else while using with your permission a covered 'auto' you own, hire or borrow...." (Ex. 6 to Def.'s Mem. in Opp'n. of Summ. J.). The policy covers an insured for:

> all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

No provision is present in the policy to expressly or indirectly exclude coverage of liability arising as the result of injuries to the named insured. Although the policy includes the workers' compensation, employee indemnification, and fellow employee exclusions discussed below, these provisions do not address exclusion of the named insured from coverage. *Compare Hancock v. Tri–State Ins. Co.*, 43 Ark.App. 47, 858 S.W.2d 152 (1993) (where coverage of the injured party was directly excluded by a provision excluding obligations arising among fellow employees). In light of the strict construction used in interpreting insurance contracts, United's argument that such exclusions manifest an intent to exclude all liabilities arising among the Beards and their employees during the course of the trucking operation is misplaced.

Accordingly, Sodorff enjoyed liability coverage as the result of being a permissive driver of a vehicle insured under the contract at issue. In keeping with the rule as applied by a majority of authorities, Sodorff's liability coverage is not excluded by law merely because her liability arises towards the named insured rather than a third party.

### B. Exclusion by express terms

United relies upon three exclusions in the terms of its contract with Harold Beard to deny coverage of Sodorff's liabilities. These provisions exclude: obligations arising under workers' compensation laws, obligations arising among fellow employees, and obligations arising as the result of bodily injury to an employee of the insured.

#### 1. The worker's compensation exclusion

■ The workers' compensation exclusion reads as follows:

WORKERS' COMPENSATION—Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

(Ex. 6 of Def.'s Mem. in Opp'n. to Summ. J.).

United's assertion that the workers' compensation exclusion serves to avoid coverage of injuries to Harold Beard is handicapped by the fact that no workers' compensation insurance covered the parties involved in the trucking operation. (Ex. 1 of Pl.'s Mem. in Supp. of Summ. J.). Nevertheless, United maintains that the exclusion is still applicable on two bases.

First, United contends that the parties should be covered under the workers' compensation policy of another company (Southern Refrigeration) if shown to be subcontractors of that company. However, this argument fails on its face.

Ark.Code Ann. § 11–9–402(a) states that "where a subcontractor fails to secure compensation required by this chapter, the prime contractor shall be liable for compensation to the employees of the subcontractor." Thus, even if the Beards were found to be subcontractors, the liability arising on the part of Southern Refrigeration would not extend to subcontractors under the statute, but would be limited to the subcontractor's employees. Indeed, this district has previously noted that § 402 is "not for the benefit of the subcontractor. Rather the provision [is] for the unprotected subcontractor's employees." *Employers Ins. of Wausau v. Polar Express, Inc.*, 780 F.Supp. 610, 617 (W.D.Ark.1991); *see also Liggett Construction Co. v. Griffin*, 4 Ark.App. 247, 629 S.W.2d 316, 318 (1982) (primary purpose of provision is to protect the employees of subcontractors who are not financially responsible). Accordingly, even if Sodorff was an employee of a subcontractor, no obligation would arise for which the insurer of Southern Refrigeration could be held liable. Thus, the exclusion is not applicable.

Second, United asserts that there is a question of fact as to whether the trucking operation met the definition of an employer who is required by the act to obtain workers' compensation coverage. United contends that coverage need merely be required, rather than in place, in order for the workers' compensation exclusion to apply.

Yet, even if such a requirement were found, no obligation would be placed upon Sodorff under the act. Ark.Code Ann. § 11–9–401 allows an employer to be held liable for workers' compensation benefits if the employer was required by the act to provide coverage to his employees but failed to do so.

However, no provision of the act places an obligation upon the *employee* on the grounds that the employer did not obtain the required coverage.[1] Such a provision would be subject to ridicule. Sodorff's obligations could not have arisen under the Workers' Compensation Act even if it required coverage, and the exclusion in the policy at hand does not apply.

### 2. The fellow employee exclusion

■ The second exclusion upon which United relies in denying coverage states:

FELLOW EMPLOYEE—"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.

■ United has admitted in its answer to the complaint that Sodorff was an employee of Harold Beard. (Answer at par. 6). Despite plaintiff's reliance upon it in their motion for summary judgment, no amendment or withdrawal of this admission has been sought since its filing over a year ago. Generally, admissions contained in pleadings are in the nature of judicial admissions and are binding on the parties unless withdrawn or amended. *Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir.1990). Thus, "even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions." *Brice* at 1315 (*citing Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105 (5th Cir.1987)). United has admitted that Sodorff was acting "as an employee of Harold Beard" when the accident giving rise to her liability occurred. (Answer at Par. 6). As such, Sodorff and Harold Beard cannot be considered fellow employees of one another, and the exclusion is inapplicable in that regard.

### 3. The employee indemnification exclusion

■ Finally, United asserts that the employee indemnification exclusion serves to prevent coverage in this instance. This provision excludes:

EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY—"Bodily injury" to:

a. An employee of the "insured" arising out of and in the course of employment by the "insured"; or

b. The spouse, child, parent, brother or sister of that employee as a consequence of paragraph a. above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

In arguing that partial summary judgment should not be rendered as to the coverage of Harold Beard's injuries, United claims that Harold might be found to have been the employee of his wife, Joyce Beard. United asserts that Joyce Beard claimed all the income from the trucking operation and was generally responsible for obtaining the insurance coverage at issue. As such, United argues that Joyce Beard could be found the named insured, and Harold Beard her employee. United points out that Harold Beard's injuries would therefore be excluded from coverage as those belonging to an employee of the named insured.

■ Even if regarded as true, however, the factual assertions made by United are of no consequence. Where no ambiguity is present, contract language is given its plain and ordinary meaning, and extrinsic evidence is inadmissible to contradict its terms. *Newman v. First Nat'l. Bank of Harrison*, 285 Ark. 52, 685 S.W.2d 147 (1985); *C. & A. Constr. Co. v. Benning Constr. Co.*, 256 Ark. 621, 509 S.W.2d 302 (1974). The declarations and endorsements of the liability policy issued by United repeatedly identify Harold Beard as the named insured. The assertion that Joyce Beard is actually the named in-

---

1. In this instance, for example, Harold Beard obtained a judgment for $1,300,000.00 against Sodorff. Such a substantial obligation certainly did not arise under the Worker's Compensation Act.

sured is inconsistent with the clear terms of the contract and therefore inadmissible. Thus, the employee indemnification exclusion cannot apply.

## III. CONCLUSION

For the above reasons, the Court finds that the insurance policy issued by United provided coverage of Sodorff's liabilities to her employer, Harold Beard. Thus, United was under a duty to defend the claim brought against Sodorff by Beard. *Home Indemnity Co. v. City of Marianna*, 291 Ark. 610, 727 S.W.2d 375, 379 (1987) (*citing Commercial Union Ins. Co. v. Henshall*, 262 Ark. 117, 553 S.W.2d 274 (1977)). United breached this duty when it refused to do so. Sodorff's motion for partial summary judgment should therefore be granted. A separate order will be entered consistent with this opinion.