# HOLYTRENT PROPERTIES, INC. *v.*
## VALLEY PARK LIMITED PARTNERSHIP, *et al.*

CA 00-288            32 S.W.3d 27

Court of Appeals of Arkansas
Division I
Opinion delivered November 8, 2000

The Rose Law Firm, A Professional Association, by: Richard T. Donovan, for appellant.

Peel Law Firm, by: Richard L. Peel, for appellee National Home Centers.

Friday, Eldredge & Clark, by: R. Christopher Lawson, for appellee Valley Park Limited Partnership and Wal-Mart Stores, Inc.

JOHN MAUZY PITTMAN, Judge. Appellant Holytrent Properties, Inc., appeals from the chancellor's grant of summary judgment in favor of appellees. We find no error and affirm.

Appellant is the owner of a 5.98-acre commercial tract located in the city of Russellville. The tract consists of a building and a large parking lot. On January 1, 1974, appellant leased the property to appellee Wal-Mart Stores, Inc., for a term of twenty-five years with two ten-year options to renew. Paragraph nineteen of the lease agreement provided that the lessee could sublet "any part of the Leased Premises without the consent of Lessor and with the consent of Lessor . . . may sublet the entire Leased Premises." It further provided that the lessee must, within ten days after the execution and delivery of a sublease, "give notice of the existence and term of the sublease and the name and address of the sublessee."

In 1991, Wal-Mart relocated its store and assigned the lease to appellee Valley Park Limited Partnership. Appellant did not object to the assignment. On December 22, 1992, Valley Park subleased the entire 70,500-square-foot building and a large portion of the surrounding land to appellee National Home Centers. It excepted from the sublease a 145-foot by 220-foot parcel on the southeast corner of the lot. It is undisputed that Valley Park neither obtained appellant's consent to the sublease nor notified appellant of the sublease.

National Home Centers had been a tenant on the subleased property for approximately five-and-one-half years when, on June 23, 1998, Valley Park wrote to appellant exercising its option to extend the lease term. Appellant, having just learned that the leased property was occupied by National Home Centers, replied that Valley Park had sublet the premises in violation of the lease. For this reason and other reasons, appellant considered the option exercise void. It advised that it would seek possession of the premises when the lease expired on December 31, 1998.

On December 24, 1998, appellees filed suit against appellant in Pope County Chancery Court seeking a declaration that Valley Park had properly subleased the premises to National Home Centers and was entitled to exercise the option to extend the lease. Appellant answered that the sublease was invalid and counter-claimed for declaratory judgment to that effect, along with a writ of possession for unlawful detainer. On March 4, 1999, appellant filed a motion for summary judgment on the ground that Valley Park's failure to obtain consent to or give notice of the sublease violated paragraph nineteen of the lease agreement and thus prohibited Valley Park from exercising its option to renew. Appellees responded with their own motion for summary judgment, arguing that, because Valley Park had subleased only a portion of the premises to National Home Center, appellant's consent was not required under paragraph nineteen. They also argued that appellant waived its right to notice of the sublease.

Following a hearing on the cross-motions for summary judgment, the chancellor ruled in favor of appellees. He found that it was not necessary for appellees to obtain appellant's consent to the sublease because the sublease did not include 31,900 square feet (the 145-foot by 220-foot parcel) of the originally leased premises. He

also found that notice of the sublease, as required by paragraph nineteen, was immaterial to the primary lease. Appellant brings its appeal from that ruling.

■ In summary-judgment cases, we need only decide if the granting of summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Inge v. Walker*, 70 Ark. App. 114, 15 S.W.3d 348 (2000). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.*

Appellant's first argument on appeal is that the chancellor erred in ruling that Valley Park was not required to obtain its consent to the sublease. The language of the lease contract provides that the lessee may sublet "any part of the Leased Premises" without the consent of the lessor, but must obtain consent to sublet "the entire Leased Premises." Appellant concedes that Valley Park did not sublease the entire premises to National Home Centers because it excepted from the sublease a 145-foot by 220-foot parcel. However, it argues that the excepted parcel is a *de minimis* exclusion, designed to avoid the consent requirement in the lease contract. We agree with the chancellor that, as a matter of law, Valley Park was not required to obtain appellant's consent to the sublease.

■ The construction and legal effect of a written lease contract are to be determined by the court as a question of law, except where the meaning of the language depends on disputed extrinsic evidence. *See Pults v. City of Springdale*, 23 Ark. App. 182, 745 S.W.2d 144 (1988). When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Fryer v. Boyett*, 64 Ark. App. 7, 978 S.W.2d 304 (1998). The parties in this case plainly and unambiguously agreed that appellant's consent to a sublease need not be obtained if the lessee subleases "any part of the Leased Premises." According to appellant, the sublease to National Home Center covered 100% of the building and 88% of the overall property. The proof below showed that the 31,900-square-foot parcel constituted 43% of the frontage along East Main Street. Thus, it is

undisputed that Valley Park subleased only part of the leased premises. While appellant may now consider the contract language susceptible to being taken advantage of, its plain meaning is clear and should not be enlarged by construction. Parties are free to make contracts based on whatever terms and conditions they agree upon, provided the contract is not illegal or tainted with some infirmity such as fraud, overreaching, or the like. *See Hancock v. Tri-State Ins. Co.*, 43 Ark. App. 47, 858 S.W.2d 152 (1993).

■ Based upon the forgoing, we hold that the chancellor was correct in granting summary judgment on the consent issue.

Appellant argues next that the chancellor erred in ruling as a matter of law that Valley Park's failure to give notice of the sublease was immaterial. Paragraph nineteen of the lease contract provides that the lessee shall, within ten days after execution and delivery of a sublease, give notice to the lessor of the existence and term of the sublease and the name and address of the sublessee. There is no dispute that Valley Park did not notify appellant of the sublease in accordance with paragraph nineteen. There is also no dispute that appellant did not learn of the sublease until 1998.

■■ A lessee may be denied an extension of his lease term if he breaches a *material* covenant of the lease. *See Lutterloh v. Patterson*, 211 Ark. 814, 202 S.W.2d 767 (1947). However, if the lessee's breach is *immaterial*, he may exercise his renewal option. *See, e.g., Fletcher v. Frisbee*, 119 N.H. 555, 404 A.2d 1106 (1979); *Restoration Realty Corp. v. Robero*, 58 N.Y.2d 1089, 449 N.E.2d 705 (1983). The question before us is whether Valley Park's breach of the lease's notice provision was immaterial as a matter of law. We agree with the trial court that it was. As appellee argued below, the lease contract provided that any sublease would be subject to the terms of the original lease and that no sublease would reduce the obligations of the original lessee, Wal-Mart. Indeed, the sublease had been in effect for over five years at the time its existence was discovered by appellant and, during that time, appellant received lease payments just as it had prior to the sublease. Appellant offered no responsive proof that it was deprived of any material benefit, economic or otherwise, as a result of Valley Park's failure to give notice. Thus, based on the evidence before the chancellor on the summary-judgment motions, we cannot say that the notice provision was such

an important consideration to the whole contract that its breach would warrant a repudiation of the contract.

Affirmed.

MEADS and ROAF, JJ., agree.